FILED

1   REBECCA EISEN, State Bar No. 96129
2   THERESA MAK, State Bar No. 211435
    MORGAN, LEWIS & BOCKIUS LLP
3   One Market, Spear Street Tower
    San Francisco, CA 94105-1126
4   Tel:  415.442.1000
    Fax:  415.442.1001
5   reisen@morganlewis.com
    tmak@morganlewis.com
6
7   Attorneys for Defendants
    PETSMART, INC. and
8   erroneously sued PETSMART STORE
    SUPPORT GROUP, INC.
9

2011 FEB 17  AM 10: 26

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY _____

10              UNITED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

12              ED   CV  11  -  00298

13   JEANNETTE PEDROZA,                    Case No.
     individually, and on behalf of all
14   other similarly situated current and   **DEFENDANTS' NOTICE OF**
     former employees of Petsmart, Inc.    **REMOVAL OF ACTION TO THE**
15   and Petsmart Store Support Group,      **UNITED STATES DISTRICT COURT**
     Inc.,                                  **FOR THE CENTRAL DISTRICT OF**
16                                          **CALIFORNIA**
                        Plaintiffs,
17
                 vs.
18
     PETSMART, INC., a Delaware
19   corporation; PETSMART STORE
     SUPPORT GROUP, INC., a
20   Delaware corporation; and DOES 1
     through 100, inclusive,
21
                        Defendants.
22

VAP  (DTBx

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22176181.3

                                    DEFENDANTS' NOTICE
                              OF REMOVAL – Case No. _____

# TABLE OF CONTENTS

**Page**

I.   THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION .................................................................................. 2

    A.   Diversity of Citizenship Exists ............................................................. 2

        1.   Plaintiff is a citizen of California ................................................ 2

        2.   Defendants are citizens of Delaware and Arizona, not California ......................................................................................... 3

        3.   The citizenship of "Doe" defendants must be disregarded ........ 5

    B.   The Amount-in-Controversy Requirement Is Satisfied ........................ 5

        1.   Information relevant to amounts at issue .................................... 7

        2.   Plaintiff's Second and Third Causes of Action for unpaid meal and rest period premiums .................................................. 9

        3.   Plaintiff's Fourth Cause of Action for unpaid overtime wages ........................................................................................ 10

        4.   Plaintiff's Fifth Cause of Action for inaccurate wage statements ................................................................................. 10

        5.   Plaintiff's Seventh Cause of Action for waiting time penalties ................................................................................... 11

        6.   Plaintiff's Tenth Cause of Action for unpaid premiums for split shifts ................................................................................ 12

        7.   Plaintiff's Eleventh Cause of Action for Penalties Under PAGA ........................................................................................ 13

        8.   Plaintiff's Complaint also seeks recovery of attorney's fees ........................................................................................... 13

        9.   Summary of amount in controversy ......................................... 14

II.   THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED .................................................................................... 15

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Armstrong v. Church of Scientology Int'l,*
243 F.3d 546 (9th Cir. 2000).................................................................3

*Behrazfar v. Unisys Corp.,*
687 F. Supp. 2d 999 (C.D. Cal. 2009) ....................................................6

*Boon v. Allstate Ins. Co.,*
229 F. Supp. 2d 1016 (C.D. Cal. 2002) ..................................................2

*Chambers v. CVS Pharmacy, Inc.,*
Civil No. 09cv0419 JAH (RBB), 2009 WL 2579661 (S.D. Cal. Aug. 19, 2009) 13

*Guglielmino v. McKee Foods Corp.,*
506 F.3d 696 (9th Cir. 2007)................................................................13

*Hertz Corp. v. Friend,*
130 S.Ct. 1181 (2010) ..................................................................... 3, 4

*In re Quintus Securities Litigation,*
148 F.Supp.2d 967 (N.D.Cal. 2001) ......................................................14

*Korn v. Polo Ralph Lauren Corp.,*
536 F. Supp. 2d 1199 (E.D. Cal 2008) ....................................................6

*Muniz v. Pilot Travel Centers, LLC,*
2007 WL 1302504 (E.D. Cal. May 1, 2007) ............................................6

*Rhoades v. Progressive Casualty Insurance, Co.,*
2010 U.S. App. LEXIS 24128 (9th Cir. Nov. 23, 2010) ...........................7

*Sanchez v. Wal-Mart Stores, Inc.,*
No. Civ. S-06-cv-2573 DFL KJM, 2007 WL 1345706 (E.D. Cal. May 8, 2007) 13

*Soliman v. Philip Morris, Inc.,*
311 F. 3d 966 (9th Cir. 2002)................................................................5

*United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv.
Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.,*
602 F.3d 1087 (9th Cir. 2010) ..............................................................2

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22176181.3

ii

DEFENDANTS' NOTICE
OF REMOVAL – Case No. _____

# TABLE OF AUTHORITIES
## (continued)

Page

**Statutes**

28 U.S.C.
  §1332(c)(1) ................................................................. 3, 4
  §1332(d) ..................................................................... 1, 15
  §1332(d)(1)(B) ................................................................ 2
  §1332(d)(2) ................................................................. 2, 14
  §1332(d)(2)(A) ................................................................ 5
  §1332(d)(6) ................................................................... 5
  §1441 ................................................................. 1, 2, 5, 15
  §1441(a) ..................................................................... 15
  §1446 ...................................................................... 1, 2
  §1446(d) .................................................................... 15
  §1453 .................................................................. 1, 2, 15
  §§1711-1715 .................................................................. 1

Cal. Code Civ. Proc.
  §338 ...................................................................... 9, 12
  §340(a) .................................................................. 11, 13

Cal. Lab. Code
  §203 ...................................................................... 9, 12
  §226(e) ..................................................................... 11
  §226.7 ................................................................ 9, 10, 12
  §510 ........................................................................ 10
  §1194 ....................................................................... 10
  §2699(f) .................................................................... 13

Class Action Fairness Act of 2005 ............................................... 1

**Rules and Regulations**

IWC Order § 4(C) .............................................................. 12

IWC Order is No. 4-2001 ....................................................... 12

**Other Authorities**

S.REP. 109-14 ................................................................. 6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22176181.3

iii

DEFENDANTS' NOTICE
OF REMOVAL – Case No. _____

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

 **PLEASE TAKE NOTICE** that Defendants PETSMART, INC. ("PetSmart") and erroneously sued PETSMART STORE SUPPORT GROUP, INC. ("PetSmart Store Support Group") (collectively as "Defendants") hereby remove this case from the Superior Court of the State of California for the County of San Bernardino to the United States District Court for the Central District of California. Defendants remove this matter pursuant to 28 U.S.C. § 1332(d), 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 28 U.S.C. § 1453, and state that this Court has jurisdiction over the action pursuant to the Class Action Fairness Act of 2005.

 As and for its Notice of Removal, Defendants plead as follows:

 1. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of class actions. *See* 28 U.S.C. § 1453.

 2. On or about November 29, 2010, Plaintiff Jeannette Pedroza ("Plaintiff") filed this civil action in the Superior Court of the State of California for the County of San Bernardino against PetSmart, erroneously sued PetSmart Store Support Group, Inc, and Does 1 through 100, inclusive.  Plaintiff's filing was assigned Case Number CIVVS1007630 in said court.

 3. This action was therefore commenced after the effective date of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005), *codified at* 28 U.S.C. §§ 1332(d), 1453 and 1711-1715.

 4. The Summons and Complaint were served upon Defendants on January 19, 2011 by process server.  True and correct copies of the Summons and Complaint are attached hereto as <u>Exhibit A</u>.

 5. On February 15, 2011, Defendants filed an Answer in the Superior Court of California, County of San Bernardino.  A true and correct copy of the filed-endorsed Answer is attached hereto as <u>Exhibit B</u>.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22176181.3

1

DEFENDANTS' NOTICE
OF REMOVAL – Case No. _____

6.    Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint upon Defendants, it is timely under 28 U.S.C. § 1446(b) and 28 U.S.C. § 1453.

7.    This lawsuit was brought by a putative representative person on behalf of a proposed class of individuals.  Exhibit ("Ex.") A, ¶¶ 1 and 6.  As such, this matter is a purported class action as that term is defined pursuant to 28 U.S.C. § 1332(d)(1)(B) and 28 U.S.C. § 1453.

## I.    THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

8.    This Court has original subject matter jurisdiction based on diversity of citizenship under CAFA because this matter was brought as a class action, diversity of citizenship exists between one or more members of the purported class and PetSmart, the number of proposed class members is 100 or greater, and the amount placed in controversy by Plaintiff's Complaint exceeds, in the aggregate, $5,000,000, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2), 1453. Removal is therefore proper pursuant to 28 U.S.C. §§ 1441, 1446 and 1453.

### A.    Diversity of Citizenship Exists

9.    In order to satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from that of one defendant.  28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

#### 1.    Plaintiff is a citizen of California

10.    "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22176181.3                          2                          DEFENDANTS' NOTICE
OF REMOVAL – Case No. _____

1   of diversity of citizenship jurisdiction, citizenship is determined by the individual's

2   domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology*

3   *Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th

4   Cir. 1986)).

5          11.    Plaintiff alleges she is, and was at the time of the institution of this

6   civil action, a citizen and resident of the State of California.  Ex. A (Complaint),

7   ¶ 7.  Furthermore, Plaintiff alleges that she was employed by Defendants in the

8   State of California during the period relevant to this lawsuit.  Ex. A (Complaint),

9   ¶¶ 1, 5.  Thus, Plaintiff was domiciled in the State of California, and is therefore a

10  citizen of California for purposes of diversity jurisdiction in this matter.

11         2.     **Defendants are citizens of Delaware and Arizona, not**
           **California**

12

13         12.    For diversity purposes, "a corporation shall be deemed to be a citizen

14  of any State by which it has been incorporated and of the State where it has its

15  principal place of business."  28 U.S.C. § 1332(c)(1).

16         13.    PetSmart is, and was at the time of the institution of this civil action, a

17  corporation organized and existing under and by virtue of the laws of the State of

18  Delaware.  Declaration of Dean Reynolds In Support of Notice of Removal

19  ("Reynolds Decl."), ¶ 2, attached hereto as Exhibit C.

20         14.    PetSmart's corporate headquarters and principal place of business is

21  located in the State of Arizona.  Ex. C, Reynolds Decl., ¶ 3; *see generally, Hertz*

22  *Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010) ("We conclude that 'principal place

23  of business' is best read as referring to the place where a corporation's officers

24  direct, control, and coordinate the corporation's activities" and, "in practice[,] it

25  should normally be the place where the corporation maintains its headquarters—

26  provided that the headquarters is the actual center of direction, control, and

27  coordination, *i.e.*, the 'nerve center'").  The majority of PetSmart's executive

28  functions take place in Arizona.  Ex. C, Reynolds Decl., ¶ 3.  The greater part of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22176181.3                          3                   DEFENDANTS' NOTICE
                                                    OF REMOVAL – Case No. _____

1   PetSmart's administrative functions (including payroll, accounting, marketing, and
2   information systems) are in Arizona. *Id.* PetSmart's officers direct, control, and
3   coordinate the corporation's activities in Arizona. *Id.* Accordingly, PetSmart is a
4   citizen of Delaware and Arizona for the purposes of determining diversity. 28
5   U.S.C. § 1332(c)(1).

6          15.    PetSmart is not and, since the commencement of this action, has not
7   been, incorporated in California and has not had its headquarters, executive offices,
8   or offices based in California. Ex. C, Reynolds Decl., ¶ 4.

9          16.    Erroneously sued PetSmart Store Support Group is, and was at the
10   time of the institution of this civil action, a wholly owned subsidiary of PetSmart,
11   Inc. and a corporation organized and existing under and by virtue of the laws of the
12   State of Delaware. Ex. C, Reynolds Decl., ¶ 5.

13          17.    PetSmart Store Support Group's corporate headquarters and principal
14   place of business is located in the State of Arizona. Ex. C, Reynolds Decl., ¶ 6; *see*
15   *Hertz Corp.,* 130 S.Ct. at 1192 ("We conclude that 'principal place of business' is
16   best read as referring to the place where a corporation's officers direct, control, and
17   coordinate the corporation's activities" and, "in practice[,] it should normally be the
18   place where the corporation maintains its headquarters—provided that the
19   headquarters is the actual center of direction, control, and coordination, *i.e.*, the
20   'nerve center'"). The majority of PetSmart Store Support Group's executive
21   functions take place in Arizona. Ex. C, Reynolds Decl., ¶ 6. The greater part of
22   PetSmart Store Support Group's administrative functions (including payroll,
23   accounting, marketing, and information systems) are in Arizona. *Id.* PetSmart
24   Store Support Group's officers direct, control, and coordinate the corporation's
25   activities in Arizona. *Id.* Accordingly, PetSmart Store Support Group is a citizen
26   of Delaware and Arizona for the purposes of determining diversity. 28 U.S.C. §
27   1332(c)(1).

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22176181.3                                   4                      DEFENDANTS' NOTICE
                                                                 OF REMOVAL – Case No. _____

18.    PetSmart Store Support Group is not and, since the commencement of this action, has not been, incorporated in California and has not had its headquarters, executive offices, or offices based in California.  Ex. C, Reynolds Decl., ¶ 7.

19.    PetSmart Store Support Group, inc. is not the entity that employed Plaintiff nor has it employed any salaried exempt managers in California.  Rather, PetSmart, Inc. is the employing entity, and has been the sole employment entity during the relevant period.

20.    Based on the Complaint, therefore, at least one member of the putative class is a citizen of a state different from that of one of the defendants, as the named Plaintiff is a citizen of California and both Defendants are citizens of Delaware and Arizona.  *See* 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

3.    **The citizenship of "Doe" defendants must be disregarded**

21.    In addition to Defendants, the Complaint also names as defendants "Does 1 through 100."  Ex. A (Complaint), ¶¶ 11-13.  The citizenship of fictitious "Doe" defendants, however, is disregarded for removal purposes.  28 U.S.C. § 1441(a); *see, e.g., Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002).  Thus, the inclusion of "Doe" defendants in Plaintiff's Complaint has no effect on Defendants' ability to remove.

B.    **The Amount-in-Controversy Requirement Is Satisfied**

22.    Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(6).

23.    In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22176181.3                     5                     DEFENDANTS' NOTICE
OF REMOVAL – Case No. _____

1  regardless of the type of relief sought (*e.g.,* damages, injunctive relief, or

2  declaratory relief)." Senate Judiciary Report, S. REP. 109-14, at 42.

3      24.   To satisfy their burden that removal of this action is proper,

4  Defendants only have to demonstrate that it is "more likely than not" that the

5  amount in controversy exceeds the jurisdictional threshold of $5,000,000 in the

6  aggregate. As stated by this Court, "[i]f, as here, 'the plaintiff fails to plead a

7  specific amount of damages, the defendant seeking removal must prove by a

8  preponderance of the evidence that the amount in controversy requirement has been

9  met.'" *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1001 (C.D. Cal. 2009)

10  (citing *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007));

11  *Muniz v. Pilot Travel Centers, LLC*, 2007 WL 1302504, *2 (E.D. Cal. May 1, 2007)

12  (citation omitted). "The ultimate inquiry is what amount is put 'in controversy' by

13  the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo*

14  *Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal 2008) (citing *Rippee v.*

15  *Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)). This burden "is

16  not 'daunting,' as courts recognize that under this standard, a removing defendant is

17  not obligated to 'research, state, and prove the plaintiff's claims for damages.'"

18  *Korn,* 536 F. Supp. 2d at 1204-05. In cases where statutory penalties are sought,

19  "district courts in the Southern District of California and the Central District of

20  California have looked to the statutory maximum . . . in determining whether the

21  jurisdictional requirements of the CAFA have been met." *Id.* at 1205.

22      25.   Moreover, the Senate Judiciary Committee's Report on the final

23  version of CAFA makes clear that any doubts regarding the applicability of CAFA

24  or federal court should be resolved in favor of federal jurisdiction. *See, e.g.,* S.REP.

25  109-14, at 42 ("[i]f a federal court is uncertain about whether 'all matters in

26  controversy' in a purported class action 'do not in the aggregate exceed the sum or

27  value of $5,000,000, the court should err in favor of exercising jurisdiction over the

28  case."); *id.* at 43 ("Overall, new section 1332(d) is intended to expand substantially

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22176181.3

6

DEFENDANTS' NOTICE
OF REMOVAL – Case No. _____

federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

26.    While Defendants deny Plaintiff's factual allegations and deny that Plaintiff or the putative class she purports to represent is entitled to the relief for which she has prayed,[1] it is clear that, when the maximum potential values of the claims of Plaintiff and the putative class members are aggregated, the allegations within Plaintiff's Complaint "more likely than not" put into controversy an amount in excess of $5,000,000. *See Rhoades v. Progressive Casualty Insurance, Co.*, 2010 U.S. App. LEXIS 24128, *2 (9th Cir. Nov. 23, 2010) ("'[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.'") (quoting *Lewis v. Verizon Communications Inc.*, 2010 WL 4645465, *4 (9th Cir. 2010)).

### 1.    Information relevant to amounts at issue

27.    The Complaint seeks relief on behalf of a putative class consisting of current and former salaried employees of Defendants in California who held positions as salaried managers from November 29, 2006 through the present (*i.e.*, within four years preceding the filing of this action).  Ex. A (Complaint), ¶ 8.

[1] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint.  Defendants' reference to specific damage amounts and their citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum.  Defendants maintain that each of Plaintiff's claims is without merit and that Defendants are not liable to Plaintiff.  Defendants specifically deny that Plaintiff has suffered any damage as a result of any act or omission by Defendants.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover these damages based upon the allegations contained in the Complaint or otherwise.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22176181.3                    7                    DEFENDANTS' NOTICE
OF REMOVAL – Case No. _____

28.    The Complaint purports to allege the following claims on behalf of Plaintiff and each member of the putative class: (1) misclassification of salaried managers as exempt under California wage and hour laws, Ex. A, ¶¶ 22-25; (2) failure to provide required rest periods, Ex. A, ¶¶ 27-30; (3) failure to provide required meal periods, Ex. A, ¶¶ 32-35; (4) failure to pay overtime compensation, Ex. A, ¶¶ 37-41; (5) failure to provide accurate pay statements and maintain required records, Ex. A, ¶¶ 43-45; (6) failure to pay minimum wage, Ex. A, ¶¶ 47-51; (7) failure to pay wages upon termination and entitlement to waiting time penalties, Ex. A, ¶¶ 53-56; (8) unlawful business practices in violation of California Business & Professions Code § 17200, Ex. A, ¶¶ 58-61; (9) unlawful collection of wages and failure to indemnify for expenditures in discharge of duties, Ex. A, ¶¶ 63-66; (10) failure to pay premium for split shifts, Ex. A, ¶¶ 68-69; and (11) a representative action for civil penalties under California Labor Code §§ 2698-2699.5, Ex. A, ¶¶ 71-74.

29.    Plaintiff alleges that her claims are typical of the claims of the members of the proposed class. Ex. A. ¶ 20.

30.    Plaintiff alleges that the relevant time period applicable to her claims is "four (4) years preceding the filing of this action." Ex. A, ¶ 8. During the period from November 29, 2006 through February 1, 2011, PetSmart has employed approximately 550 individuals as exempt salaried managers in its California store locations. Each of the putative class members at issue was or is a full-time employee. The putative class members who are/were employed by PetSmart from November 29, 2006 through the present worked approximately 67,562 weeks in total. The average salary of the putative class members during the period from November 29, 2006 through February 1, 2011 is approximately $55,707. Because all putative class members were or are full-time employees, the average regular rate of pay for the putative class members is approximately $26.78/hr ($55,707 salary / 2080 hours). Declaration of Tammy Glenville In Support of Notice of Removal

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22176181.3

8

DEFENDANTS' NOTICE
OF REMOVAL – Case No. _____

("Glenville Decl."), ¶ 2, attached hereto as Exhibit D.

31.    During the period from November 29, 2007 through February 1, 2011, PetSmart employed approximately 473 putative class members at the average salary of $55,980. The regular rate of pay for these putative class members is therefore approximately $26.91 ($55,980 / 2080). During this period, approximately 176 of these salaried manager employees terminated their employment with PetSmart. Ex. D, Glenville Decl., ¶ 3.[2]

32.    During the period from November 29, 2009 through February 1, 2011,[3] PetSmart has employed approximately 349 putative class members who worked a total of approximately 22,797 work weeks, at the average salary of $56,661. Putative class members have been paid every two weeks. Therefore, approximately 11,399 paychecks were issued to putative class members during the period from November 29, 2009 through February 1, 2011. Ex. D, Glenville Decl., ¶ 4.

2.    **Plaintiff's Second and Third Causes of Action for unpaid meal and rest period premiums**

33.    In her Second and Third Causes of Action, Plaintiff seeks unpaid meal and rest period premiums pursuant to California Labor Code § 226.7 and other applicable sections. Ex. A (Complaint), ¶¶ 28, 33. California Labor Code § 226.7 provides that if an employer fails to provide meal or rest periods as required by law, the employer shall pay "one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period was not provided."

34.    Plaintiff does not allege exactly how many meal or rest periods she or others were not provided with, but alleges that Defendants "routinely" failed to

[2] The statute of limitations for California Labor Code 203 violations is generally three years. *See* Cal. Code of Civ. Pro. § 338.

[3] The statute of limitations for certain penalties for violation of Labor Code provisions is one year. See n. 4 and 7, *infra*.

1   provide meal and rest periods. Ex. A, ¶¶ 28, 33. Thus, under Plaintiff's theory of

2   the case, assuming the putative class members were denied either a meal period or

3   rest period **just once a typical work week** because PetSmart "routinely" failed to

4   provide them, the potential amount in controversy under §226.7 would be: $26.78

5   (average hourly pay rate of salaried managers) x 1 occasion x 67,562 weeks (total

6   weeks worked by purported class from November 29, 2006 through February 1,

7   2011) = **$1,809,310.36.**

8       3.   **Plaintiff's Fourth Cause of Action for unpaid overtime**
            **wages**

9

10      35.   In her Fourth Cause of Action, Plaintiff seeks unpaid overtime wages

11  pursuant to California Labor Code § 510 and § 1194. Specifically, Plaintiff alleges

12  that "[d]uring the Class Period, DEFENDANTS have **routinely** required

13  PLAINTIFFS to work more than six days in a seven day workweek." Ex. A, ¶ 38

14  (emphasis added).

15      36.   California Labor Code § 510 provides that work in excess of eight

16  hours a day and/or forty hours a week and/or the first eight hours of the seventh day

17  of work should be compensated at no less than one and a half (1 ½) times the

18  regular rate of pay for the employee. California Labor Code § 1194 provides for

19  the recovery of unpaid overtime wages for each of the putative class members.

20  Thus, under Plaintiff's theory of the case, if the putative class members were denied

21  even **one hour** of overtime pay **per week**, the potential amount in controversy

22  would be: $40.17 (average hourly pay rate of salaried managers times one and a

23  half) x 67,562 weeks (total weeks worked by purported class from November 29,

24  2006 through February 1, 2011) = **$2,713,965.54.**

25      4.   **Plaintiff's Fifth Cause of Action for inaccurate wage**
            **statements**

26

27      37.   In her Fifth Cause of Action, Plaintiff seeks statutory penalties for

28  alleged failure to provide accurate wage and hour statements in violation of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22176181.3                    10                    DEFENDANTS' NOTICE
                                                       OF REMOVAL – Case No. _____

California Labor Code § 226 and § 1174. Specifically, Plaintiff alleges that "[d]uring the Class Period, DEFENDANTS have failed to provide PLAINTIFFS with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing them, and all applicable hourly rates in effect **during each pay period** and the corresponding number of hours worked at each hourly rate." Ex. A, ¶ 43 (emphasis added).

38.    Under Section 226(e), an injured employee can recover actual damages or penalties of $50 for the initial pay period in which a violation occurs and $100 for each violation in a subsequent period (up to an aggregate penalty of $4,000) for a knowing and intentional violation. Cal. Labor Code § 226(e). The statute of limitations for the penalty claim under § 226(e) is one year.[4]

39.    In the one year prior to the filing of the Complaint, *i.e.*, November 29, 2009 through February 1, 2011, PetSmart has employed approximately 349 California exempt salaried managers. These managers received 11,399 paychecks during that time period. *See* Ex. D, Glenville Decl., ¶ 4. Assuming $50 for each alleged paycheck, the total amount in controversy for this claim would be **$569,950** ($50 x 11,399 paychecks).

### 5.    Plaintiff's Seventh Cause of Action for waiting time penalties

40.    In her Seventh Cause of Action, Plaintiff seeks statutory waiting-time penalties against Defendants for allegedly failing to timely pay wages due upon termination pursuant to California Labor Code §§ 201-203. Ex. A (Complaint), ¶¶ 54, 56. Specifically, Plaintiff alleges that "[d]uring the Class Period, DEFENDANTS failed to pay accrued wages and other compensation due immediately **to each PLAINTIFF** who was terminated and failed to pay accrued wages, including meal and rest period wages and other compensation due within

[4] *See* Cal. Code of Civ. Pro. § 340(a).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22176181.3

11

DEFENDANTS' NOTICE
OF REMOVAL – Case No. _____

seventy-two hours **to each PLAINTIFF who ended his or her employment.**" *Id.* at ¶ 54 (emphasis added).

41.    California Labor Code § 203 provides for a penalty of up to 30 days of daily wages at the same rate for an injured employee.  The statute of limitations for "waiting time" penalties under Labor Code § 203 is three years.[5]  The average daily wage (assuming 8 hours worked) for a former salaried manager during the period from November 29, 2007 to February 1, 2011 is approximately $215.28 (8 hours x $26.91/hr).  From November 29, 2007 to the present, approximately 176 putative class members terminated their employment with Defendant.  Thus, under Plaintiff's theory of the case, if each could recover maximum waiting time penalties of 30 days of daily wages for 176 members of the putative class, the aggregate recovery would be: **$1,136,678.40** ($215.28 average daily wage x 30 days x 176 putative class members).

6.    **Plaintiff's Tenth Cause of Action for unpaid premiums for split shifts**

42.    In her Tenth Cause of Action, Plaintiff alleges failure to pay premium for split shifts in violation of California Labor Code § 226.7 and Industrial Welfare Commission Order No. 4-2001 ("IWC Order").[6]  Ex. A (Complaint), ¶¶ 68-69.  IWC Order § 4(C) provides that an employee working a split shift shall be paid an additional one hour's pay at the minimum wage each workday.  Thus, under Plaintiff's theory of the case, assuming the putative class members worked **one** split shift during their typical **work week**, the potential amount in controversy would be:

---

[5] *See* Labor Code § 203; Cal. Code of Civ. Pro. § 338.

[6] Plaintiff alleges that the applicable IWC Order is No. 9-2001 (Transportation Industry). Ex. A, ¶ 69.  Plaintiff and the putative class members clearly do not work in the transportation industry.  Defendant believes the applicable IWC Order is No. 4-2001 (Professional, Technical, Clerical, Mechanical and Similar Occupations).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22176181.3

12

DEFENDANTS' NOTICE
OF REMOVAL – Case No. _____

1   $ 8/hr minimum wage x 67,562  weeks (total weeks worked by the purported class

2   from November 29, 2007 through February 1, 2011) = **$540,496**.

3        7.   **Plaintiff's Eleventh Cause of Action for Penalties Under PAGA**

4        43.   In her Eleventh Cause of Action, Plaintiff asserts a representative

5   action for civil penalties pursuant to California Labor Code §§ 2698-2699.5 (the

6   California Private Attorneys' General Act ("PAGA")).  Ex. A (Complaint), ¶¶ 71-

7   74.  Labor Code § 2699(f) provides a civil penalty of $100 for each injured

8   employee per pay period for the initial violation and $200 for each injured

9   employee per pay period for each subsequent violation.  The statute of limitations

10  for penalty claims under PAGA is one year.[7]  During the one year preceding the

11  filing of the Complaint, *i.e.* from November 29, 2009 through February 1, 2011,

12  approximately 349 California exempt salaried managers worked a total of 11,399

13  pay periods.  Ex. D, Glenville Decl., ¶ 4.

14       44.   Under Plaintiff's theory of the case, assuming $100 for each violation,

15  the total amount in controversy for this claim would be **$1,139,900** ($100 x 11,399

16  pay period).

17       8.   **Plaintiff's Complaint also seeks recovery of attorney's fees**

18       45.   "Where a statutory authority provides for attorneys' fees, the fees are

19  included in the amount in controversy to reach CAFA's $5,000,000." *Chambers v.*

20  *CVS Pharmacy, Inc.*, Civil No. 09cv0419 JAH (RBB), 2009 WL 2579661, *2 (S.D.

21  Cal. Aug. 19, 2009); *see also Sanchez v. Wal-Mart Stores, Inc.*, No. Civ. S-06-cv-

22  2573 DFL KJM, 2007 WL 1345706, *2 (E.D. Cal. May 8, 2007) ("Attorney's fees,

23  if authorized by statute or contract, are also part of the calculation"); *Guglielmino v.*

24  *McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (finding, outside the CAFA

25  context, that 28 U.S.C. § 1332(a)'s amount in controversy requirement includes

26  attorney's fees).

27  _____

28  [7] *See* Cal. Code of Civ. Pro. § 340(a).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22176181.3

13

DEFENDANTS' NOTICE
OF REMOVAL – Case No. _____

46.   In her Complaint, Plaintiff seeks attorney's fees to the fullest extent allowable or required by law. Ex. A, Prayer for Relief ¶ 11. Assuming Plaintiff can recover on her claims, she would most likely assert entitlement to attorney's fees of approximately 25% of the total recovery, which would be **$1,977,575.08** based on the partial estimates discussed above (25% x [$1,809,310.36 + $2,713,965.54 + $569,950 + $1,136,678.40 + $540,496 + $1,139,900]). *In re Quintus Securities Litigation*, 148 F.Supp.2d 967, 973 (N.D.Cal. 2001) (noting in the class action settlement context that the benchmark for setting attorneys' fees is 25 per cent of the common fund).

## 9.   <u>Summary of amount in controversy</u>

47.   Thus, although Defendants deny Plaintiff's factual allegations or that she or the putative class she purports to represent are entitled to the relief for which she has prayed, based on Plaintiff's allegations and prayer for relief, the amount in controversy clearly exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2). **These calculations do not take into account the amount in controversy based on Plaintiffs' Ninth Cause of Action for unreimbursed business expenses.** *See* Ex. A, ¶¶ 62-66.

48.   Based on the very conservative calculations outlined above, and without including the amount in controversy based on Plaintiff's Ninth Cause of Action for unreimbursed business expenses, the total amount in controversy exceeds $9,000,000.00 as follows:

      a.  Meal and rest period premiums:  at least $1,809,310.36

      b.  Overtime wages:  at least $2,713,965.54

      c.  Wage-statement penalties:  at least $569,950

      d.  Waiting-time penalties:  at least $1,136,678.40

      e.  Split-shift premiums:  at least $540,496

      f.  Penalties under PAGA:  at least $1,139,900

      g.  <u>Subtotal</u>:  at least $7,910,300.30

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22176181.3

14

DEFENDANTS' NOTICE
OF REMOVAL – Case No. _____

h.  Attorneys' fees:  $1,977,575.08 [25% X $7,910,300.30]

i.  TOTAL AMOUNT IN CONTROVERSY:  $9,887,875.38

## II.   THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

49.   As set forth above, this Notice of Removal is filed within thirty days of service of the Summons and Complaint upon Defendant.

50.   PetSmart will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

51.   Venue is proper in this district, pursuant to 28 U.S.C. §§ 1441(a), because it embraces the county in which the removed action was pending.

52.   The Summons and Complaint attached as Exhibit A and the Answer, attached as Exhibit B, constitute all the process, pleadings, and orders in this case.

53.   The prerequisites for removal under 28 U.S.C. §§ 1441 and 1453 have been met.

54.   Because this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(d), removal of this action is proper pursuant to 28 U.S.C. § 1441.

55.   If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and oral argument in support of their position that this case is removable.

**WHEREFORE**, Defendants PetSmart, Inc., and PetSmart Store Support Group, Inc., desiring to remove this case to the United States District Court for the Central District of California, pray that the filing of this Notice of Removal shall

/ / /

/ / /

/ / /

/ / /

/ / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22176181.3

15

DEFENDANTS' NOTICE
OF REMOVAL – Case No. _____

1    effect the removal of the suit to this Court.

2

3    Dated:    February 16, 2011       MORGAN, LEWIS & BOCKIUS LLP

4

5                       By _____

6                          Rebecca Eisen
                          Theresa Mak

7                           Attorneys for Defendant
                          PetSmart, Inc. and erroneously sued
                          PetSmart Store Support Group, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22176181.3                   16              DEFENDANTS' NOTICE
OF REMOVAL – Case No. _____

# EXHIBIT A

(-19-11 @ 1:55 pm

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** PETSMART, INC., a Delaware
*(AVISO AL DEMANDADO):* corporation; PETSMART STORE
SUPPORT GROUP, INC., a Delaware corporation; and DOES
1 through 100, inclusive

<div style="float:right">
FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)



F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
VICTORVILLE DISTRICT

NOV 2 9 2010
</div>

**YOU ARE BEING SUED BY PLAINTIFF:** JEANNETTE PEDROZA,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individually, and
on behalf of all other similarly situated current and
former employees of Petsmart, Inc. and Petsmart Store
Support Group, Inc.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SAN BERNARDINO COUNTY SUPERIOR COURT<br>34155 CIVIC DR #100<br>VICTORVILLE CA 92392 DESERT DISTRICT | CASE NUMBER:<br>*(Número del Caso):*<br>**CIVVS 1 0 0 7 6 3 0** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MATTHEW J. MATERN (SBN 159798)     (310) 218-5500  (310) 218-1155
RASTEGAR & MATERN, ATTORNEYS AT LAW
1010 CRENSHAW BOULEVARD, SUITE 100
TORRANCE, CALIFORNIA 90501

| DATE: NOV 2 9 2010 | Clerk, by JESSICA HAZEL | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Petsmart, Inc., A Delaware Corporation

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

EXHIBIT A, Page 18

 CT Corporation

**Service of Process
Transmittal**
01/19/2011
CT Log Number 517905149

TO:   Julianne Ringsmuth, Paralegal
      PetSmart, Inc.
      19601 N. 27th Avenue
      Phoenix, AZ 85027

RE:   **Process Served in California**

FOR:  PetSmart, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jeannette Pedroza, etc., Pltf. vs. Petsmart, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Notice of Case Assignment, Notice |
| **COURT/AGENCY:** | San Bernardino County, Superior Court, Victorville, CA<br>Case # CIVVS1007630 |
| **NATURE OF ACTION:** | Employee Litigation - Failure to provide required rest periods, meal periods, pay overtime compensation, provide accurate statements and maintain required records, pay minimum wage - Seeking preliminary and permanent injunction |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/19/2011 at 16:08 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Matthew J. Matern<br>Rastegar & Matern, Attorneys at Law<br>1010 Crenshaw Bouleard<br>Suite 100<br>Torrance, CA 90501<br>310-218-5500 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/20/2011, Expected Purge Date: 01/30/2011<br>Image SOP<br>Email Notification, Julianne Ringsmuth JRINGSMUTH@SSG.PETSMART.COM<br>Email Notification, Victoria Karpinski vkarpinski@ssg.petsmart.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / AP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

1  MATTHEW J. MATERN (State Bar #159798)
   RASTEGAR & MATERN, ATTORNEYS AT LAW
2  1010 Crenshaw Boulevard, Suite 100
   Torrance, California 90501
3  Tel. (310) 218-5500
   Fax.(310) 218-1155
4
   Attorney for Plaintiff Jeannette Pedroza,
5  individually, and on behalf of other similarly situated current
   and former employees of Petsmart, Inc. and Petsmart Store Support Group, Inc.
6

**COPY**
F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
VICTORVILLE DISTRICT

NOV 2 9 2010

7          SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              FOR THE COUNTY OF SAN BERNARDINO

9  JEANNETTE PEDROZA, individually,          CASE NO. CIVVS 1 0 0 7 6 3 0
   and on behalf of all other similarly situated
10 current and former employees of Petsmart,  CLASS ACTION COMPLAINT:
   Inc. and Petsmart Store Support Group,
11 Inc.,                                       1.   Preliminary and Permanent
                                                   Injunction
12         Plaintiffs,
                                              2.   Failure to Provide Required Rest
13     vs.                                         Periods

14 PETSMART, INC., a Delaware                 3.   Failure to Provide Required
   corporation;                                   Meal Periods
15 PETSMART STORE SUPPORT GROUP,
   INC., a Delaware corporation; and DOES 1   4.   Failure to Pay Overtime
16 through 100, inclusive,                         Compensation

17         Defendants.                        5.   Failure to Provide Accurate
                                                   Statements and Maintain
18                                                 Required Records

19                                            6.   Failure to Pay Minimum Wage

20                                            7.   Failure to Pay All Wages Due to
                                                   Discharged or Quitting
21                                                 Employees

22                                            8.   Unlawful Business Practices

23                                            9.   Unlawful Collection or Receipt of
                                                   Wages Previously Paid and
24                                                 Failure to Indemnify For
                                                   Expenditures in Discharge of
25                                                 Duties

26                                            10.  Failure to Pay Premium for Split
                                                   Shifts

27                                            REPRESENTATIVE ACTION

28                                            11.  Representative Action for Civil
                                                   Penalties

                                              DEMAND FOR JURY TRIAL

                              -1-
                           COMPLAINT
W:\Pedroza, Jeannette\Complaint.d3.wpd

1   JEANNETTE PEDROZA, individually, and on behalf of all other similarly situated current

2   and former employees of PETSMART, INC. and PETSMART STORE SUPPORT GROUP, INC.,

3   hereby alleges as follows:

4   ### GENERAL ALLEGATIONS

5   1.   This is a class action brought against DEFENDANT PETSMART,

6   INC.; DEFENDANT PETSMART STORE SUPPORT GROUP, INC. and DEFENDANTS DOES

7   1-100, inclusive (collectively "DEFENDANTS"), on behalf of PLAINTIFFS and all other

8   individuals who were employed by DEFENDANTS as salaried Managers at PETSMART, INC.

9   and PETSMART STORE SUPPORT GROUP, INC. in the State of California at any time during

10   the four years preceding the filing of this action, and continuing while this action is pending

11   ("Class Period"), and who were denied the benefits and protection required under the California

12   Labor Code and other statutes and regulations applicable to employees in the State of California

13   (collectively, "Managers" or "Class" or "PLAINTIFFS").

14   2.   During the Class Period, PETSMART, INC. and PETSMART STORE SUPPORT

15   GROUP, INC.: (a) treated the Managers as "exempt" pursuant to California Labor Code section

16   when the Managers did not qualify as "exempt" employees; (b) failed to provide meal periods due

17   to the Managers; (c) failed to provide rest periods due to the Managers;(d) failed to pay overtime

18   wages due to the Managers; (e) failed to provide the Managers with timely and accurate wage and

19   hour statements; (f)failed to maintain complete and accurate payroll records for the Managers;

20   (g)failed to pay the Managers compensation in a timely manner upon their termination or

21   resignation; (h) wrongfully withheld wages and compensation due to the Managers; (i) committed

22   unfair business practices; (j) failed to pay premium for split shifts.  The foregoing acts and other

23   acts by DEFENDANTS- committed throughout California and the County of San Bernardino -

24   violated provisions of the California Labor Code, including, but not limited to, sections 201, 202,

25   203, 226, 226.7, 510, 512, 515, 551, 552, 1194, and 119, violated the applicable Wage Orders

26   issued by California's Industrial Welfare Commission including Wage Orders 5-1998, 5-2000 and

27   5-2001 during the Class Period ("Regulations"), violated California's Unfair Business Practices

28   ///

-2-
### COMPLAINT

1   Act, California Business & Professions Code sections 17200, *et seq.*, and violated PLAINTIFFS'

2   rights.

3         3.     During PLAINTIFFS' employment with DEFENDANTS, PLAINTIFFS were

4   not exempt from the Employment Laws and Regulations. PLAINTIFF routinely spent over fifty

5   percent of their working hours performing the duties delegated to non-exempt employees,

6   including, but not limited to, helping stock, feeding the animals, customer services, merchandising,

7   replenishing shelves, creating and organizing planograms, and other general tasks.

8         4.     During PLAINTIFFS employment with DEFENDANTS, PLAINTIFFS routinely

9   spent less than fifty percent of their working hours performing work which was primarily

10   intellectual, managerial or creative, or which required the regular and customary exercise of

11   discretion and independent judgment with respect to matters of significance on more than an

12   occasional basis.

13                       **JURISDICTION**

14         5.     This Court is the proper Court, and this action is properly filed in the Superior Court

15   of the State of California, County of San Bernardino, because DEFENDANTS' obligations and

16   liability arise in the County of San Bernardino, because DEFENDANTS maintain offices and

17   transact business in the County of San Bernardino, and because the work which is the subject of

18   this action was performed by PLAINTIFFS in the County of San Bernardino.

19                       **PLAINTIFFS**

20         6.     PLAINTIFF JEANNETTE PEDROZA ("NAMED PLAINTIFF"), individually, and

21   on behalf of all other similarly situated current and former salaried Managers (collectively hereafter

22   "PLAINTIFFS") of DEFENDANT PETSMART, INC. ("PETSMART"); DEFENDANT

23   PETSMART STORE SUPPORT GROUP, INC. (PETSMART SUPPPORT") and Does 1 through

24   100 ( collectively hereafter "DEFENDANTS"), brings this Class Action on behalf of herself and

25   other similarly situated current and former employees of PETSMART; PETSMART SUPPORT

26   and Does 1 through 100 to recover, among other things, unpaid wages earned and due,

27   indemnification for expenses, wages and penalties due from illegal deductions, illegal break

28   ///

<div align="center">-3-</div>
<div align="center">COMPLAINT</div>

W:\Pedroza, Jeannette\Complaint.d3.wpd

1   policies including meal period policies, failure to maintain required records, failure to pay all

2   wages due to discharged or quitting employees, interest, attorneys fees, costs, and expenses.

3   PLAINTIFFS reserve the right to name additional class representatives.

4        7.     The NAMED PLAINTIFF is a resident of the County of San Bernardino, California.

5   At all relevant times herein, she has been employed by PETSMART and PETSMART SUPPORT

6   as an exempt, salaried Manager through the date of her separation from employment on or around

7   August of 2010.

8        8.     PLAINTIFFS are current and former salaried employees of DEFENDANTS, who

9   held the positions of Managers, for a period of time within the four (4) years preceding the filing of

10   this action.

11                                **DEFENDANTS**

12        9.     At all relevant times alleged herein, PLAINTIFFS are informed and believe, and

13   thereon allege, that PETSMART is authorized to conduct business in the State of California, and

14   does conduct business in the State of California. Specifically, upon information and belief,

15   PETSMART maintains offices and conducts business in, and engages in illegal payroll practices or

16   policies in, the County of San Bernardino, State of California.

17        10.     At all relevant times alleged herein, PLAINTIFFS are informed and believe, and

18   thereon allege, that PETSMART SUPPORT is authorized to conduct business in the State of

19   California, and does conduct business in the State of California. Specifically, upon information

20   and belief, PETSMART SUPPORT maintains offices and conducts business in, and engages in

21   illegal payroll practices or policies in, the County of San Bernardino, State of California.

22        11.     Upon information and belief, PETSMART and PETSMART SUPPORT

23   engaged in the same illegal payroll practices as DOES 1 through 100, through methods and

24   schemes which include but are not limited to formulating, participating in and directing the

25   illegal payroll practices and policies, sharing computer servers, personnel, payroll systems and

26   databases, and giving and receiving advice on payroll and human resource issues as an ostensible

27   or actual single entity, joint enterprise, joint employer, alter ego, division,

28   ///

-4-

**COMPLAINT**

1  affiliate, subsidiary, parent, principal, related entity, co-conspirator, authorized agent, partner, joint

2  venturer, and/or guarantor.

3      12.    All claims against DEFENDANTS are therefore also pled against DOES 1

4  through 100.

5      13.    The true names and capacities of DOES 1 through 100, inclusive, are unknown to

6  PLAINTIFFS, who therefore sue said DOE DEFENDANTS by fictitious names.  PLAINTIFFS

7  will amend this Complaint to show their true names and capacities when they have been

8  ascertained.

9      14.    Upon information and belief, DEFENDANTS were the alter egos, divisions,

10  affiliates, joint enterprises, joint employers, subsidiaries, parents, principals, related entities, co-

11  conspirators, authorized agents, partners, joint venturers, guarantors, actual or ostensible of each

12  other and DOES 1 through 100.

13      15.    At all relevant times alleged herein, PLAINTIFFS are informed and believe,

14  and thereon allege that DEFENDANTS were joint employers of the proposed class.

15      16.    At all relevant times herein, in perpetrating the acts and omissions alleged herein,

16  DEFENDANTS, and each of them, acted pursuant to and in furtherance of their policies and

17  practices of not paying PLAINTIFFS all wages earned and due, all wages due upon discharge,

18  through methods and schemes including but not limited to, failing to indemnify employees for

19  expenses, failing to reimburse employees for illegal deductions; failing to provide rest and meal

20  periods as required by law; failing to properly record the meal periods; failing to provide itemized

21  statements per pay period as required by law; failing to properly maintain records; and illegal break

22  policies, in violation of California Labor Code and Industrial Welfare Commission Orders.

23      17.    PLAINTIFFS are informed and believe and thereon allege that each and every one

24  of the acts and omissions alleged herein was performed by, and/or attributable to, all

25  DEFENDANTS, each acting as agents and/or employees, and/or under the direction and

26  control of each of the other DEFENDANTS, and that said acts and failures to act were within the

27  course and scope of said agency, employment and/or direction and control.

28  ///

<div align="center">-5-<br>COMPLAINT</div>

1       18.    As a direct and proximate result of the unlawful actions of DEFENDANTS,

2 PLAINTIFFS have suffered and continue to suffer from loss of earnings in amounts as yet

3 unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

<div align="center">

**CLASS ACTION DESIGNATION**

</div>

5       19.    PLAINTIFFS are informed and believe and based thereon allege that

6 DEFENDANTS have a corporate policy under which they automatically classify all Managers as

7 exempt employees pursuant to the Employment Laws and Regulations without first making a

8 determination as to whether the Managers are qualified for exempt employee status under such

9 laws and regulations. DEFENDANTS' misclassification of Managers as "exempt" is either the

10 result of deliberate misclassification as a matter of policy and practice or, due to DEFENDANTS'

11 operation standardization and classification based on job description alone, the result of

12 widespread, de facto misclassification. *See Sav-On Drug Stores, Inc. v Superior Court, 34 Cal. 4th*

13 *319, 329 (2004).*

14       20.    PLAINTIFFS' first ten causes of action, namely, preliminary and permanent

15 injunction; failure to provide required rest periods, failure to provide required meal periods, failure

16 to pay overtime compensation, failure to provide accurate statements and maintain required

17 records, failure to pay minimum wage, failure to pay all wages due to discharged or quitting

18 employees, unlawful business practices and unlawful collection or receipt of wages previously paid

19 and failure to indemnify for expenditures in discharge of duties, and failure to pay premium for

20 split shifts are appropriately suitable for class treatment because:

21       A.    The potential class is a significant number. Joinder of all current and

22 former employees individually would be impractical.

23       B.    This action involves common questions of law and fact to the potential class

24 because the action focuses on the DEFENDANTS' systematic course of illegal payroll practices

25 and policies, which was applied to all salaried Managers in violation of the California Labor Code,

26 and the California Business and Professions Code which prohibits unfair business practices arising

27 from such violations.

28 ///

<div align="center">

-6-

**COMPLAINT**

</div>

W:\Pedroza, Jeannette\Complaint.d3.wpd

1    C. The claims of the NAMED PLAINTIFF are typical of the class because

2 DEFENDANTS subjected all of their salaried Managers to the identical violations of the California

3 Labor Code and California Business and Professions Code.

4    D. The NAMED PLAINTIFF is able to fairly and adequately protect the

5 interests of all members of the Class because it is in her best interest to prosecute the claims

6 alleged herein to obtain full compensation due to them for all services rendered and hours worked.

7        **FIRST CAUSE OF ACTION**

8       **Preliminary and Permanent Injunction**
        **(Against all Defendants)**

9

10   21. PLAINTIFFS incorporate herein by specific reference as though fully set

11 forth the allegations in paragraphs 1 through 20 inclusive.

12   22. DEFENDANTS have improperly classified the Managers as exempt under

13 the Employment Laws and Regulations without first determining their exempt or non-exempt

14 status to avoid the payment of overtime wages, meal and rest period premiums, and other benefits

15 in violation of the Employment Laws and Regulations.

16   23. If DEFENDANTS are not enjoined from this conduct, they will continue to

17 require the Managers, who do not meet the statutory and regulatory exemption, to work more than

18 8 hours per day and/or 40 hours per week, more than six consecutive days, or more than six days

19 per workweek, without paying them overtime wages, without giving them uninterrupted meal and

20 rest breaks, and without affording them other benefits and rights of non-exempt employees under

21 the Employment Laws and Regulations.

22   24. Monetary compensation alone will not afford adequate and complete relief to

23 the Managers, because it is impossible to determine the amount of damages which will compensate

24 for DEFENDANTS' actions in the future if such actions are not enjoined now. Thus, without

25 injunctive relief, a multiplicity of actions will result from DEFENDANTS' continuing conduct.

26   25. PLAINTIFFS request that the Court issue a preliminary and permanent injunction

27 (a) prohibiting DEFENDANTS from requiring the Managers to work more than 8 hours per day

28 and 40 hours per week in any workweek without the payment of overtime wages, (b) requiring

-7-
**COMPLAINT**

1   DEFENDANTS to provide the Managers all applicable benefits afforded by the Employment Laws

2   and Regulations including, but not limited to, meal and rest breaks, (c) requiring DEFENDANTS

3   to maintain payroll records, to furnish the Managers with wage and hour statements as required by

4   the Employment Laws and Regulations, and (d) requiring DEFENDANTS to pay the Managers all

5   wages earned upon termination of their employment, including overtime wages.

6   <div align="center">**SECOND CAUSE OF ACTION**</div>

7   <div align="center">**Failure to Provide Required Rest Periods**</div>
<div align="center">**(California Labor Code § 226.7)**</div>
8   <div align="center">**(Against all Defendants)**</div>

9        26.    PLAINTIFFS incorporate herein by specific reference as though fully set forth the

10   allegations in paragraphs 1 through 25 inclusive.

11        27.    Pursuant to California Labor Code § 226.7 and Industrial Welfare Commission

12   Wage Order 5-2001, DEFENDANTS are required to provide uninterrupted ten minute rest periods

13   to their employees.  DEFENDANTS are required to provide a ten minute rest period for every four

14   hours worked or major fraction thereof.  Furthermore, DEFENDANTS are required to pay one

15   extra hour of compensation for each day in which a complete ten minute rest period is not

16   provided.

17        28.    During the Class Period, DEFENDANTS have routinely failed to provide

18   PLAINTIFFS with rest periods during their work shifts, and have failed to compensate them, for

19   those rest periods, as required by California Labor Code section 226.7 and the other applicable

20   sections of the Employment Laws and Regulations.

21        29.    As alleged herein, PLAINTIFFS have not been exempt from the rest period

22   requirements of the Employment Laws and Regulations.

23        30.    In violation of state law, DEFENDANTS have knowingly and wilfully refused to

24   perform their obligations to provide required rest periods, and to provide

25   compensation when rest periods were not provided.  As a direct result, PLAINTIFFS have suffered,

26   and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost

27   interest on such wages, and expenses and attorneys' fees in seeking to compel

28   DEFENDANTS to fully perform their obligations under state law, all to their respective damages in

<div align="center">-8-</div>
<div align="center">COMPLAINT</div>

W:\Pedroza, Jeannette\Complaint.d3.wpd

1 | amounts according to proof at time of trial, and within the jurisdiction of this Court.  PLAINTIFFS

2 | are thus entitled to recover the unpaid balance of compensation due, wages owed, interest, statutory

3 | penalties, nominal, actual, and compensatory damages, attorneys' fees, and costs of suit in amounts

4 | according to proof at time of trial, but within the jurisdiction of this Court.

### THIRD CAUSE OF ACTION

**Failure to Provide Required Meal Periods**
**(California Labor Code § 226.7, 512 and 558)**
**(Against all Defendants)**

8 | 31.     PLAINTIFFS incorporate herein by specific reference as though fully set

9 | forth the allegations in paragraph 1 through 30 inclusive.

10 | 32.     Pursuant to California Labor Code § 226.7, 512, 558 and Industrial Welfare

11 | Commission Wage Order 5-2001, DEFENDANTS are required to provide meal periods to their

12 | employees.  DEFENDANTS are required to provide an uninterrupted 30-minute  meal period to

13 | any employee who works a shift of more than five (5) hours, and a second uninterrupted 30-minute

14 | meal period to any employee who works a shift of more than ten (10) hours.  Furthermore,

15 | DEFENDANTS are required to pay one extra hour of compensation for each missed or incomplete

16 | meal period to their employees who are entitled to receive, and do not receive, complete 30-minute

17 | meal periods.

18 | 33.     During the Class Period, DEFENDANTS have routinely failed to provide

19 | PLAINTIFFS with meal periods during their work shifts, and have failed to compensate them for

20 | those meal periods, as required by California Labor Code section 226.7 and the other applicable

21 | sections of the Employment Laws and Regulations.

22 | 34.     As alleged herein, PLAINTIFFS have not been exempt from the meal period

23 | requirements of the Employment Laws and Regulations.

24 | 35.     In violation of state law, DEFENDANTS have knowingly and wilfully refused to

25 | perform their obligations to provide required meal periods, to provide compensation when meal

26 | periods are not provided, to compensate PLAINTIFFS for all

27 | wages earned and all hours worked, and to keep accurate time records of meal periods.  As a direct

28 | result, PLAINTIFFS have suffered, and continue to suffer, substantial losses related to the use and

-9-
**COMPLAINT**

1   enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking

2   to compel DEFENDANTS to fully perform their obligations under state law, all to their respective

3   damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

4   PLAINTIFFS are thus entitled to recover the unpaid balance of compensation due, wages owed,

5   interest, statutory penalties, nominal, actual, and compensatory damages, attorneys' fees, and costs

6   of suit in amounts according to proof at time of trial, but within the jurisdiction of this Court.

### FOURTH CAUSE OF ACTION

**Failure to Pay Overtime Compensation**
**(California Labor Code §§ 510 and 1194)**
**(Against all Defendants)**

10   36.   PLAINTIFFS incorporate herein by specific reference as though fully set forth the

11   allegations in paragraphs 1 through 35 inclusive.

12   37.   Pursuant to California Labor Code §§ 510 and 1194, for the four (4) years

13   preceding the filing of this lawsuit, DEFENDANTS were required to compensate PLAINTIFFS for

14   all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours

15   worked in excess of eight (8) hours per day and/or forty (40)

16   hours per week, and for the first eight (8) hours of the seventh consecutive work day, with double

17   time after eight (8) hours of the seventh day of any work week, or after twelve (12) hours in any

18   work day.

19   38.   During the Class Period, DEFENDANTS have routinely required PLAINTIFFS

20   to work over eight hours a day and over forty hours a workweek. Additionally, DEFENDANTS

21   have routinely required PLAINTIFFS to work more than six days in a seven day workweek.

22   However, DEFENDANTS have failed and refused to pay PLAINTIFFS, the overtime

23   compensation required by the Employment Laws and Regulations.

24   39.   As alleged herein, PLAINTIFFS have not been exempt from the overtime

25   compensation requirements of the Employment Laws and Regulations.

26   40.   In violation of state law, DEFENDANTS have knowingly and wilfully refused to

27   perform their obligations to compensate PLAINTIFFS for all wages earned and all hours worked.

28   As a direct result, PLAINTIFFS have suffered, and continue to suffer, substantial losses related to

-10-
**COMPLAINT**

W:\Pedroza, Jeannette\Complaint d3.wpd

1   the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees

2   in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their

3   respective damages in amounts according to proof at time of trial, and within the jurisdiction of

4   this Court.   PLAINTIFFS are thus entitled to recover the balance of unpaid compensation due,

5   wages owed, interest, nominal, actual, and compensatory damages in amounts according to proof at

6   time of trial, but within the jurisdiction of this Court.

7       41.    DEFENDANTS' conduct described herein violates Labor Code §§ 226, 510, 1194,

8   1197 and IWC Order 5.  Therefore, pursuant to California Labor Code §§ 200, 203, 218.5, 226,

9   558, 1194, 1994.2, 1197.1, and other applicable provisions under the Labor Code and IWC Orders,

10  PLAINTIFFS are entitled to recover the unpaid balance of wages DEFENDANTS owe

11  PLAINTIFFS, plus interest, penalties, attorneys' fees, expenses and costs of suit.

12                          **FIFTH CAUSE OF ACTION**

13
**Failure to Provide Accurate Statements and to Maintain Required Records**
14  **(California Labor Code §§ 226, 226.3 and 1174)**
**(Against all Defendants)**
15
16      42.    PLAINTIFFS incorporate herein by specific reference as though fully set forth the

    allegations in paragraph 1 through 41 inclusive.
17

18      43.    During the Class Period, DEFENDANTS have failed to provide PLAINTIFFS

19  with timely and accurate wage and hour statements showing gross wages earned, total hours

    worked, all deductions made, net wages earned, the name and address of the legal entity employing
20
    them, and all applicable hourly rates in effect during each pay period and the corresponding
21
    number of hours worked at each hourly rate.
22

23      44.    As alleged herein, PLAINTIFFS have not been exempt from the requirements of the

    Employment Laws and Regulations.
24

25      45.    As a proximate result of the aforementioned violations, PLAINTIFFS have

26  been damaged in an amount according to proof at trial, and seek all wages earned and due, interest,

    penalties, attorneys' fees, and expenses and costs of suit.
27

28  ///

---

-11-
**COMPLAINT**

## SIXTH CAUSE OF ACTION

### Failure to Pay Minimum Wage
**(California Labor Code §§ 1194, 1197, 1197.1 and IWC Wage Order 1-2001)**
**(Against all Defendants)**

46.     PLAINTIFFS incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 45.

47.     Pursuant to California Labor Code §1194 and §1197, payment of less than minimum wage fixed by the Industrial Welfare Commission is unlawful.

48.     During the Class Period, DEFENDANTS, pursuant to their policies and procedures, failed to pay their employees the minimum wage by failing to pay for all hours worked by: requiring, permitting or suffering the employees to work off the clock; requiring, permitting or suffering the employees to work through breaks; illegally and inaccurately recording time worked; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; and other methods to be discovered.

49.     As alleged herein, PLAINTIFFS have not been exempt from the requirements of the Employment Laws and Regulations.

50.     In violation of state law, DEFENDANTS have knowingly and willfully refused to perform their obligations to pay the minimum wage to PLAINTIFFS.  As a direct result, PLAINTIFFS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

51.     DEFENDANTS' conduct described herein violates Labor Code §§ 226, 510, 1194, 1197 and IWC Order 5.  As a proximate result of the aforementioned violations, PLAINTIFFS have been damaged in an amount according to proof at trial.  Therefore, pursuant to California Labor Code §§ 200, 203, 218.5, 226, 558, 1194, 1994.2, 1197.1, and other applicable provisions under the Labor Code and IWC Orders, PLAINTIFFS are entitled to recover the unpaid

///

-12-
**COMPLAINT**

1  balance of wages DEFENDANTS owe PLAINTIFFS, plus interest, penalties, attorneys' fees,

2  expenses and costs of suit.

3  <div align="center">**SEVENTH CAUSE OF ACTION**</div>

4  <div align="center">**Failure to Pay Wages Upon Termination**
**(California Labor Code §§ 201, 202, 203, 227.3)**</div>

5  <div align="center">**(Against all Defendants)**</div>

6     52.   PLAINTIFFS incorporates herein by specific reference as though fully set forth the

7  allegations in paragraphs 1 through 51.

8     53.     Pursuant to California Labor Code §§201 and 202, employers, including

9  DEFENDANTS, must make timely payment of the full wages due to their employees who quit or

10  have been discharged. California Labor Code §227.3 also requires employers to pay employees for

11  vested vacation time upon termination of employment. California Labor Code §203 provides

12  waiting time penalties for violations of §§201 and 202.

13     54.     During the Class Period, DEFENDANTS failed to pay accrued wages and other

14  compensation due immediately to each PLAINTIFF who was terminated and failed to pay accrued

15  wages, including meal and rest period wages and other compensation due within seventy-two

16  hours to each PLAINTIFF who ended his or her employment.

17     55.     As alleged herein, PLAINTIFFS are not exempt from the requirements of the

18  Employment Laws and Regulations.

19     56.     DEFENDANTS have committed and continue to commit the acts alleged

20  herein knowingly and willfully, with the wrongful and deliberate intention of injuring

21  PLAINTIFFS' rights. As a direct result, PLAINTIFFS have suffered, and continue to suffer,

22  substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and

23  expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their

24  obligations under state law, all to their respective damages in amounts according to proof at time of

25  trial, and within the jurisdiction of this Court. PLAINTIFFS and members of the class are

26  therefore also entitled to waiting time penalties pursuant to California Labor Code §203.

27  ///

28  ///

<div align="center">-13-
**COMPLAINT**</div>

### EIGHTH CAUSE OF ACTION

**Unlawful Business Practices**
**(California Business and Professions Code § 17200)**
**(Against all Defendants)**

57.    PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 56 inclusive.

58.    By violating the foregoing statutes, DEFENDANTS' acts constitute unfair and unlawful business practices under California Business and Professions Code § 17200, *et seq.*

59.    DEFENDANTS' violations of the Employment Laws and Regulations as alleged in this Complaint, including DEFENDANTS' (a) misclassification of the Managers as exempt employees, (b) failure and refusal to pay the Managers overtime wages, (c) failure to provide the Managers with meal and rest breaks, (d) failure to provide the Managers with timely and accurate wage and hour statements, (e) failure to pay the Managers compensation in a timely manner upon their termination or resignation, (f) failure to maintain complete and accurate payroll records for the Managers, (g) Failure to pay Managers minimum wage, and (h) unlawful collection and receipt of wages previously paid and failure to indemnify for expenditures in discharge of duties all constitute unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*

60.    DEFENDANTS have unfairly, intentionally and/or wrongfully designated PLAINTIFFS as "exempt" in order to avoid payment of overtime wages and other benefits as required by the California Labor Code, the California Code of Regulations, and applicable Industrial Welfare Commission Wage Orders. Further, DEFENDANTS have failed to record, report and pay the correct sums of assessment to the State authorities under the California Labor Code and other applicable regulations.

61.    As a result of DEFENDANTS' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense PLAINTIFFS.  PLAINTIFFS have suffered damages and request damages and/or restitution of all monies and profits to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but within the jurisdiction of this Court.

-14-
**COMPLAINT**

EXHIBIT A, Page 33

## NINTH CAUSE OF ACTION

**Unlawful Collection or Receipt of Wages Previously Paid and Failure to Indemnify For Expenditures in Discharge of Duties
(California Labor Code §§ 221 and 2802)
(Against all Defendants)**

62.    PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraph 1 through 61 inclusive.

63.    Pursuant to California Labor Code § 221 and Industrial Welfare Commission Wage Order 5-2001, DEFENDANTS are prohibited from collecting or receiving wages previously paid, and are required to provide uniforms and equipment to their employees free of charge. DEFENDANTS are also required, pursuant to California Labor Code § 2802, to indemnify their employees for expenses incurred in the discharge of their duties.

64.    As alleged herein, PLAINTIFFS are not exempt from the requirements of the Employment Laws and Regulations.

65.    DEFENDANTS also charged numerous other persons who are similarly situated to the NAMED PLAINTIFFS for uniforms and equipment.

66.    In violation of state law, DEFENDANTS have knowingly and wilfully refused to perform their obligations to provide uniforms and equipment free of charge, and have instead charged their employees for uniforms and equipment required in the discharge of their duties.  As a direct result, PLAINTIFFS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.  DEFENDANTS committed the acts alleged herein knowingly and wilfully, with the wrongful and deliberate intention of injuring PLAINTIFFS, from improper motives amounting to malice, and in conscious disregard of PLAINTIFFS' rights.  PLAINTIFFS are thus entitled to recover the unpaid balance of compensation due, wages owed, interest, statutory penalties,

-15-
**COMPLAINT**

W:\Pedroza, Jeannette\Complaint.d3.wpd

1  nominal, actual, compensatory, attorneys' fees, and costs of suit in amounts according to proof at

2  time of trial, and within the jurisdiction of this Court.

3  ## TENTH CAUSE OF ACTION

4  ### Failure to Pay Premium for Split Shifts
   ### (Against all Defendants)

5

6  67.   PLAINTIFFS incorporate herein by specific reference as though fully set

   forth the allegations in paragraphs 1 through 66.

7

8  68.   DEFENDANTS failed to pay premium pay, at the minimum wage, to

   employees that were made to work split shifts.  PLAINTIFFS and Class Members were

9  made to work split shifts and comply with a set work schedule which was interrupted by a non-paid

10 non-working period, other than bona fide rest or meal periods.

11 69.   Pursuant to California Labor Code § 226.7 and IWC Order 9-2001(4)(C),

12 PLAINTIFFS are entitled to collect one hour's pay at the minimum wage in addition to the

13 minimum wage for that workday, when being made to work a split shift.

14

15 ## REPRESENTATIVE ACTION

16 ## ELEVENTH CAUSE OF ACTION

17 ### Representative Action for Civil Penalties
   ### (Cal. Lab. Code Sections 2698-2699.5)
18 ### (Against all Defendants)

19 70.   PLAINTIFFS incorporate herein by specific reference as though fully set

20 forth the allegations in paragraphs 1 through 69 with exception to the allegations concerning class

21 action designation, paragraph 20 (A-D).

22 71.   This action is appropriately suited for a Representative Action because:

23

24 A.   The individuals that NAMED PLAINTIFF sees to represent are a

   significant number. Joinder of all current and former employees individually would be impractical.

25

26 B.   This action involves common questions of law and fact to the potential

   representative group because the action focuses on the DEFENDANTS' systematic course of

27 illegal payroll practices and policies, which was applied to all hourly employees in violation of the

28

-16-
### COMPLAINT

1  California Labor Code, and the California Business and Professions Code which prohibits unfair

2  business practices arising from such violations.

3          C.     The claims of the NAMED PLAINTIFF are typical of the representative

4  group because DEFENDANTS subjected all of their hourly employees to the identical violations of

5  the California Labor Code and California Business and Professions Code.

6          D.     The NAMED PLAINTIFF is able to fairly and adequately protect the

7  interests of all members of the representative group because it is in NAMED PLAINTIFF's best

8  interest to prosecute the claims alleged herein to collect civil penalties due to NAMED

9  PLAINTIFF arising from DEFENDANTS' illegal wage and hour violations.

10       72.    Pursuant to California Labor Code sections 2698-2699.5, PLAINTIFFS are entitled

11  to collect civil penalties from DEFENDANTS in a representative action for the California Labor

12  Code violations set forth above.  PLAINTIFFS therefore seek to collect

13  civil penalties on behalf of the State of California for DEFENDANTS' violations of

14  California Labor Code including, but not limited to, sections 201, 202, 203, 221, 226,

15  226.7, 227.3, 512, 558, 1174, 1194, 1197, 1197.1 and 2802, which include, but are not limited to,

16  penalties under Labor Code sections 2699, 210, 225.5, 226.3, 558, 1174.5 and 1197.1.

17       73.    PLAINTIFFS have given written notice by certified mail to the Labor and

18  Workforce Development Agency, PETSMART, INC. and PETSMART STORE SUPPORT

19  GROUP, INC. of the specific Labor Code provisions alleged to have been violated, including the

20  facts and theories to support the alleged violations, and the Labor and Workforce Development

21  Agency notified PLAINTIFFS by certified mail that it does not intend to investigate the alleged

22  violations.

23       74.    PLAINTIFFS have complied with the requirements set forth in California

24  Labor Code section 2699.3.

25       WHEREFORE, NAMED PLAINTIFF, individually, in a representative capacity,

26  and on behalf of all other persons similarly situated, by her and their attorneys, respectfully prays

27  for relief against PETSMART, INC.; PETSMART STORE SUPPORT GROUP, INC. and DOES 1

28  through 100 inclusive, and each of them on each and every one of the FIRST THROUGH

-17-
COMPLAINT

EXHIBIT A, Page 36

1  ELEVENTH CAUSES OF ACTION as appropriate under the facts and laws of the case, as

2  follows:

3      1. For compensatory damages, including without limitation special damages, general

4  damages, incidental damages, and consequential damages, to the extent allowed by law;

5      2. For liquidated damages to the extent allowed by law;

6      3. For nominal damages to the extent allowed by law and to the extent not subsumed in or

7  superseded by compensatory damages or liquidated damages;

8      4. For restitution and/or disgorgement to the extent allowed by law;

9      5. For statutory penalties to the extent allowed by law, including without limitation any

10  section, subsection, or provision of the Labor Code and/or any Wage Order;

11      6. For civil penalties to the extent allowed by law, including without limitation any section,

12  subsection, or provision of the Labor Code and/or any Wage Order;

13      7. For a preliminary injunction, permanent injunction, and/or other equitable relief to the

14  extent allowed by law;

15      8. For a declaratory judgment declaring the rights vis-a-vis any or all Defendants of

16  Jeannette Pedroza and/or any represented employee(s), person(s), or party(ies) or any class or

17  subclass member;

18      9. For prejudgment interest at the statutory rate of 10 per cent per annum to the fullest

19  extent allowable or required by law;

20

21      10. For costs and disbursements to the fullest extent allowable or required by law;

22      11. For reasonable attorneys' fees to the fullest extent allowable or required by law; and

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

-18-
**COMPLAINT**

1    12.  For such other, further, or different relief as to the Court may appear proper.

2

3    DATED: November **11**, 2010                    Respectfully submitted,

4                                                    RASTEGAR & MATERN

5

6                                           By:

7                                                    Matthew J. Matern
                                                     Attorney for Plaintiff
8                                                    Jeannette Pedroza, individually, and
                                                     other similarly situated current and
9                                                    former employees of Petsmart, Inc. and
                                                     Petsmart Store Support Group, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-19-
**COMPLAINT**

W:\Pedroza, Jeannette\Complaint.d3.wpd

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

VICTORVILLE DISTRICT
14455 CIVIC DRIVE
VICTORVILLE, CA  92392

CASE NO: CIVVS1007630

http://www.sbcounty.gov/courts

IN RE: PEDROZA VS PETSMART

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO SHOW CAUSE
REGARDING SERVICE OF SUMMONS AND COMPLAINT

PLEASE TAKE NOTICE, that the above-entitled case has been set for a
Case Management Conference and an Order to Show Cause why the case
should not be dismissed for failure to serve the summons and
complaint. File your Case Management Statement with the court fifteen
(15) calendar days prior to the hearing. Failure to appear may result
in monetary sanctions and/or dismissal of your case. THIS CASE HAS
BEEN ASSIGNED TO GILBERT  OCHOA IN DEPARTMENT V9 FOR ALL PURPOSES.

The Order to Show Cause regarding service of summons is set:
03/17/11 at  8:30 in Department V9. If proof of
service of summons and complaint has been filed before that date, no
appearance is required at the time of the Order to Show Cause hearing.
The Case Management Conference is set: 05/16/11 at  8:30
in Department V9.

TO THE PARTY SERVED: The setting of these dates DOES NOT increase the
time you have to respond to the complaint. The time for response is
clearly stated on the Summons.

A COPY OF THIS NOTICE MUST BE SERVED ON ALL DEFENDANTS
Tressa S. Kentner, Clerk of the Court
Date: 11/29/10                                    By: JESSICA HAZEL
-----------------------------------------------------------------
CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice by:

( ) Enclosed in an envelope mailed to the interested party addressed
above, for collection and mailing this date, following ordinary
business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(✓) A copy of this notice was given to the filing party at the
counter.
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

DATE OF MAILING: 11/29/10
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 11/29/10 at Victorville, CA  By: JESSICA HAZEL



Presented by the
Judicial Council of California
And the
State Bar of California

EXHIBIT A, Page 40

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolution (ADR). The most common forms of ADR are mediation, arbitration, and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities, through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorneys' fees, and expert fees can be saved.

- **ADR can permit more participation.** The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- **ADR can be cooperative.** This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

-2-

- **ADR can be more satisfying.** For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of ADR

This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

- **MEDIATION**

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

-3-

Revised 07/14/10

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

- **ARBITRATION**

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by an arbitrator than by a judge. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medial reports and bills and business records), rather than testimony.

There are two kinds of arbitration in California. Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and normally, is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to resolve their dispute by themselves, or with the aid of a neutral.

- **CASE EVALUATION**

In case evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments, and makes an evaluation of the case. Each party gets a chance to present the case and hear the other side. This may lead to a settlement, or at least help the parties prepare to resolve the dispute later on.

-4-

Case evaluation, like mediation, can come early in the dispute and save time and money.

Case evaluation is most effective when someone has an unrealistic view of the dispute or when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Case evaluation may not be a good idea when it is too soon to tell what the case is worth or when the dispute is about something besides money, like a neighbor playing loud music late at night.

## Additional Information

There are several other types of ADR beside mediation, arbitration, and case evaluation. Some of these are conciliation, settlement conferences, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral to be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

## Whom Do You Call?

To locate a dispute resolution program or neutral in your community:

- Contact the **California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210,** or

- Contact the **local bar association**, or

- Look in the **Yellow Pages** under "Arbitrations" or "Mediators."

There may be a charge for services provided by private arbitrators and mediators.

-5-

Revised 07/14/10

EXHIBIT A, Page 44



**Superior Court of California**
**County of San Bernardino**

# CONTRACTED MEDIATION SERVICE PROVIDERS

The following mediation service providers are under contract with the County of San Bernardino to provide the listed alternate dispute resolution (ADR) services under referral by the Court at no or low cost. The contractors may also provide additional mediation services outside of their contracts with the County.

*Landlord-tenant, unlawful detainer, small claims:*

**Inland Fair Housing and Mediation Board**
Program Director: Lynne Anderson, Executive Director
City Center Building
10681 Foothill Boulevard, Suite 101
Rancho Cucamonga CA 91730
TEL (909) 984-2254
    (800) 321-0911
FAX (909) 460-0274
WEB www.inmedbd.com

*Civil, family law (except custody and support):*

**Inland Valleys Justice Center**
Program Director: Kym Adams, Executive Director
3175-E Sedona Court
Ontario CA 91764
TEL (909) 581-6014
FAX (909) 581-6015
WEB www.ivjc.org
EMAIL info@ivjc.org

Rev 10/2010

Accommodations For Persons With Disabilities Using Court Facilities

The Americans with Disabilities Act (ADA) and State law require all state and local governmental entities, including the courts, to provide reasonable accommodations for the needs of persons with disabilities. The ADA benefits people who have an interest in court activities, programs and services. In 1996 the Judicial Council of California, the policy-making body for the courts, adopted California Rules of Court, rule 1.100 (former rule 989.3) to implement the ADA in the state court system.

Under the ADA, State laws, and the court rule, a person is entitled to an accommodation if he or she is an "eligible person with a disability." This means the person has a physical or mental impairment that limits one or more major life activities, has a record of such impairment, or is regarded as having such impairment.

It is the individual's responsibility to contact the court to request accommodations that would best suit his or her situation. The individual may request an accommodation by completing the *Request for Accommodations by Persons with Disabilities* (Judicial Council Form MC-410) or by other means, and provide the request to court staff. If the individual is involved in more than one case, they must submit a separate request (MC-410 form) for each case. The individual should give the court at least five working days notice whenever possible. The court may grant, modify or deny the request. The information presented will be kept confidential unless ordered released by a Judicial officer, or a written waiver of confidentiality is received from the requestor.

The court will evaluate all requests to make reasonable modifications to its policies, practices, and procedures when these modifications are necessary to avoid discriminating against a person because of a disability.

Service animals are permitted in court facilities. The ADA defines a service animal as any guide dog, signal dog, or other animal individually trained to provide assistance to an individual with a disability. Service animals may go to all areas of the court where customers are normally allowed.

For instructions, forms, and additional information, please use the links on the right side of this page.

For free tools that allow persons with visual disabilities to read documents in Adobe Acrobat PDF format, please visit http://www.adobe.com/enterprise/accessibility/main.html. These tools convert PDF documents into either HTML or ASCII text that can then be read by many screen-reading programs.

For further information:

Jurors: Please contact the Jury Services Office at (909) 387-6244.

Others: Please contact the court's ADA Coordinator at ada.coordinator@courts.sbcounty.ca.gov.

Court employees: To request accommodation for yourself, please contact your supervisor or the Court's Personnel Department. For information on assisting court customers with ADA issues, refer to the Court's Intranet.

If you should have any questions or concerns regarding Americans with Disabilities, please contact Sharon Prentiss, Director of Court Administrative Services at (909) 382-3504

Request for Accommodation Instruction Sheet
Non Fillable Form and Rule of Court 1

Request for Accommodation Form
Fillable Version (MC-410)

Q&A on Rule of Court 1.100
Access and Fairness Advisory Flyer http://www.courtinfo.ca.gov/programs/access/documents/accfair.pdf

For Additional Information about Accessibility at the California Courts:
http://www.courtinfo.ca.gov/programs/access/accessibility.htm
http://www.courtinfo.ca.gov/selfhelp/family/speced/specedlinks.htm

1  MATTHEW J. MATERN (State Bar #159798)
   RASTEGAR & MATERN, ATTORNEYS AT LAW
2  1010 Crenshaw Boulevard, Suite 100
   Torrance, California 90501
3  Tel. (310) 218-5500
   Fax.(310) 218-1155
4
   Attorney for Plaintiff Jeannette Pedroza,
5  individually, and on behalf of other similarly situated current
   and former employees of Petsmart, Inc. and Petsmart Store Support Group, Inc.
6
7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                 FOR THE COUNTY OF SAN BERNARDINO

9
   JEANNETTE PEDROZA, individually,        )  CASE NO.: CIVVS1007630
10 and on behalf of all other similarly situated )
   current and former employees of Petsmart, )  NOTICE OF ASSOCIATION OF
11 Inc. and Petsmart Store Support Group,   )  STEVEN RUBIN, ESQ. AS
   Inc.,                                    )  ADDITIONAL COUNSEL FOR THE
12                                          )  PLAINTIFF JEANNETTE PEDROZA
               Plaintiffs,                  )
13                                          )
          vs.                               )
14                                          )
   PETSMART, INC., a Delaware               )
15 corporation;PETSMART STORE               )
   SUPPORT GROUP, INC., a Delaware          )
16 corporation; and DOES 1 through 100,     )
   inclusive,                               )
17                                          )
               Defendants.                  )
18
19 TO THIS HONORABLE COURT AND TO ALL PARTIES AND COUNSEL OF

20 RECORD:

21      PLEASE TAKE NOTICE that the Plaintiff, JEANNETTE PEDROZA, has associated the

22 following attorney as additional counsel in the above-captioned case:

23 STEVEN RUBIN (State Bar #90867)
   THE RUBIN LAW CORPORATION,
24 A PROFESSIONAL LAW CORPORATION
   433 N. Camden Dr., Suite 725
25 Beverly Hills, California 90210
   Tel. (310) 385-0777
26 Fax. (310) 288-0207

27      Please add Mr. Rubin's name to all service and notice lists in the above-captioned matter.

28 ///

                                    -1-
                 NOTICE OF ASSOCIATION OF COUNSEL
W:\Pedroza, Jeannette\Notice of Association of Counsel.d1.wpd

1    Dated: January 10 , 2011                    Respectfully Submitted,
                                                  RASTEGAR & MATERN
2

3

4
                                                  By:
5                                                    Matthew J. Matern
                                                     Attorney for Plaintiff
6                                                    Jeannette Pedroza, individually, and other
                                                     similarly situated current and former employees
7                                                    of Petsmart, Inc. and Petsmart Store Support
                                                     Group, Inc
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        -2-
                    **NOTICE OF ASSOCIATION OF COUNSEL**
W:\Pedroza, Jeannette\Notice of Association of Counsel.d1.wpd

Business Search - Business Entities - Business Programs

http://kepler.sos.ca.gov/cbs.aspx



California Secretary of State Debra Bowen

Secretary of State | Administration | Elections | Business Programs | Political Reform | Archives | Registries | Other Services

**Business Entities (BE)**

Online Services
- Business Search
- Disclosure Search
- E-File Statements
- Processing Times

Main Page

Service Options

Name Availability

Forms, Samples & Fees

Annual/Biennial Statements

Filing Tips

Information Requests
(certificates, copies &
status reports)

Service of Process

FAQs

Contact Information

Resources
- Business Resources
- Tax Information
- Starting A Business
- International Business
  Relations Program

Customer Alert
(misleading business
solicitations)

## Business Search - Results

Data is updated weekly and is current as of Friday, January 07, 2011. It is not a complete or certified record of the entity.

- Select an entity name below to view additional information. Results are listed alphabetically in ascending order by entity name.
- For information on checking or reserving a name, refer to Name Availability.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Field Descriptions and Status Definitions.

Results of search for " PETSMART, INC " returned 4 entity records.

| Entity Number | Date Filed | Status | Entity Name | Agent for Service of Process |
|---|---|---|---|---|
| C2057593 | 10/02/1997 | ACTIVE | PETSMART CHARITIES, INC. | THE CORPORATION COMPANY |
| C3142914 | 04/16/2009 | ACTIVE | PETSMART HEALTH INC. | AMERICAN BUSINESS SERVICE COMPANY |
| C3097907 | 04/02/2008 | ACTIVE | PETSMART STORE SUPPORT GROUP, INC | C T CORPORATION SYSTEM |
| C1548198 | 12/04/1986 | ACTIVE | PETSMART, INC. | C T CORPORATION SYSTEM |

Modify Search     New Search

Privacy Statement | Free Document Readers
Copyright © 2011   California Secretary of State

1/13/2011 3:38 PM
EXHIBIT A, Page 49

# EXHIBIT B

COPY

1   REBECCA EISEN, State Bar No. 96129
    THERESA MAK, State Bar No. 211435
2   MORGAN, LEWIS & BOCKIUS LLP
    One Market, Spear Street Tower
3   San Francisco, CA 94105-1126
    Tel: 415.442.1000
4   Fax: 415.442.1001

5   YIN ZHENG, State Bar No. 268619
    MORGAN, LEWIS & BOCKIUS LLP
6   2 Palo Alto Square
    3000 El Camino Real, Suite 700
7   Palo Alto, CA 94306-2122
    Tel: 650.843.4000
8   Fax: 650.843.4001

9   Attorneys for Defendants
    PETSMART, INC. and
10  erroneously sued PETSMART STORE SUPPORT
    GROUP, INC.

11

F I L E D
SUPERIOR COURT OF CALIF
COUNTY OF SAN BERNARD
VICTORVILLE DISTRICT

**FEB 15 2011**

BY _____
ESTHER ORONA, DE

12          SUPERIOR COURT OF THE STATE OF CALIFORNIA

                    COUNTY OF SAN BERNARDINO
13

14  JEANETTE PEDROZA, individually, and       Case No. CIVVS 1007630
15  on behalf of all other similarly situated
    current and former employees of Petsmart,   **DEFENDANTS PETSMART, INC. AND**
16  Inc. and Petsmart Store Support Group,      **ERRONEOUSLY SUED PETSMART**
    Inc.,                                       **STORE SUPPORT GROUP,**
17                                              **INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED**
                Plaintiffs,                     **COMPLAINT**
18
        vs.
19
    PETSMART, INC., a Delaware
20  corporation; PETSMART STORE
    SUPPORT GROUP, INC., a Delaware
21  corporation; and DOES 1 through 100,
    inclusive,
22
                Defendants.
23

24      Defendants PetSmart, Inc. and erroneously sued PetSmart Store Support Group, Inc.[1]

25  ("Defendants") hereby answer the allegations in the Unverified Complaint ("Complaint") filed by

26  Plaintiff Jeannette Pedroza ("Plaintiff"), individually, and purportedly on behalf of all others

27  _____
28  [1] Defendants reserve all defenses with respect to Plaintiff's improper naming of "PetSmart Store Support Group,
    Inc." as a defendant in this action.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22176179.1                              1                        Case No. CIVVS 1007630
        DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

EXHIBIT B, Page 51

1   similarly situated, as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendants generally deny each and every allegation of the Complaint and further deny that Plaintiff or any putative member of the purported class have been damaged in the manner or amount alleged, or in any manner or amount.

## RELIEF SOUGHT

Defendants deny that Plaintiff or any putative member of the purported class are entitled to any type of remedy, relief or damages of any kind, including the relief requested in their prayer for relief.

## AFFIRMATIVE DEFENSES

Defendants are investigating the acts and behavior alleged in the Complaint. After further discovery in this case, Defendants will seek leave to amend this Answer if they discover facts demonstrating the existence of additional defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

1.   As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action against them.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

2.   As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendants allege that the named Plaintiff lacks standing to bring these claims and cannot represent the interests of others as to each of the purported causes of action.

## THIRD AFFIRMATIVE DEFENSE
### (Uncertainty – Conclusory Class Allegations)

3.   As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Plaintiff's claims, and the claims of each putative member of each purported class

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22176179.1                    2                    Case No. CIVVS 1007630

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

EXHIBIT B, Page 52

1   as set forth in the Complaint, are barred in whole or in part because the Complaint is uncertain

2   and the purported class definitions are ambiguous and conclusory.

### FOURTH AFFIRMATIVE DEFENSE

#### (Inadequate Representative)

5   4.      As a separate affirmative defense to the Complaint and to every cause of action

6   alleged therein, Defendants allege that the Complaint fails to the extent it asserts a class action

7   because Plaintiff is not an adequate representative of the purported class.

### FIFTH AFFIRMATIVE DEFENSE

#### (Individual Questions Predominate)

10   5.      As a separate affirmative defense to the Complaint and to every cause of action

11   alleged therein, the types of claims alleged by the named Plaintiff on behalf of herself and the

12   alleged class, the existence of which is expressly denied, are matters in which individual

13   questions predominate and, accordingly, are not appropriate for class treatment.

### SIXTH AFFIRMATIVE DEFENSE

#### (Claims Not Common or Typical)

16   6.      As a separate affirmative defense to the Complaint and to every cause of action

17   alleged therein, Defendants allege that the claims alleged by the named Plaintiff are neither

18   common to nor typical of those of the class she purports to represent.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Superiority)

21   7.      As a separate affirmative defense to the Complaint and to every cause of action

22   alleged therein, Defendants allege that a class claim under California Business and Professions

23   Code section 17200 is not maintainable for, among other reasons, failure to satisfy the

24   requirement of superiority.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Conflict of Interest)

27   8.      As a separate affirmative defense to the Complaint and to every cause of action

28   alleged therein, Defendants allege that certain of the interests of the proposed class are in conflict

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22176179.1                                    3                        Case No. CIVVS 1007630

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

EXHIBIT B, Page 53

1    with the interests of all or certain sub-groups of the members of the alleged class of persons

2    which Plaintiff purports to represent, the existence of which is expressly denied.

### NINTH AFFIRMATIVE DEFENSE

#### (Certification Unconstitutional)

5        9.    As a separate affirmative defense to the Complaint and to every cause of action

6    alleged therein, Defendants allege that certification of a class would constitute a denial of their

7    due process rights in violation of the Fourteenth Amendment to the United States Constitution

8    and the California Constitution.

### TENTH AFFIRMATIVE DEFENSE

#### (Exemption from California Wage and Hour Requirements)

11       10.    As a separate affirmative defense to the Complaint and to every cause of action

12   alleged therein, Defendants allege that, at all times mentioned in the Complaint, Plaintiff and each

13   putative member of the purported class were not entitled to meal and rest periods, premium pay

14   for missed meal and rest periods, overtime pay, premium pay for working split shifts, wage and

15   hour statements provided by PetSmart, Inc. because they were exempt from the applicable

16   requirements in the California wage and hour laws by virtue of one or more of the exemptions

17   contained in the California wage and hour laws.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Statutes of Limitation)

20       11.    As a separate affirmative defense to the Complaint and to every cause of action

21   alleged therein, Defendants allege that Plaintiff's claims and the claims of each putative member

22   of the purported class are barred in whole or in part by the applicable statutes of limitations,

23   including, but not limited to, California Code of Civil Procedure sections 338 and 340 and

24   California Business and Professions Code section 17208.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Internal and Administrative Remedies)

27       12.    As a separate affirmative defense to the Complaint and to every cause of action

28   alleged therein, Defendants allege that Plaintiff's statutory claims and the claims of each putative

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22176179.1                          4                        Case No. CIVVS 1007630

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT
EXHIBIT B, Page 54

member of the purported class are barred to the extent they failed to exhaust their internal and/or administrative remedies.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

13.     As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendants allege that Plaintiff's Complaint is barred in whole or in part by the doctrine of estoppel.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (*Res Judicata*/Collateral Estoppel)

14.     As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Plaintiff's claims and/or the claims of the purported class members are barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Waiver of Claims)

15.     As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendants allege that Plaintiff's claims and the claims of each putative member of the purported class, or some of them, are barred in whole or in part because such claims have been waived, discharged and/or abandoned.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

16.     As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendants allege that Plaintiff's claims and the claims of each putative member of the purported class, or some of them, are barred in whole or in part by the principles of accord and satisfaction, and payment.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Release Through Prior Settlement Agreement)

17.     As a separate affirmative defense to the Complaint and to every cause of action alleged therein, to the extent that Plaintiff or any purported class member entered into any

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22176179.1                                5                                Case No. CIVVS 1007630

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

EXHIBIT B, Page 55

1  individual settlement agreement, or was covered by and did not opt out of the terms of one or

2  more prior class action settlements involving Defendants, any such individual has released some

3  or all of the claims alleged in the Complaint.

4  ## EIGHTEENTH AFFIRMATIVE DEFENSE

5  ### (Release)

6  18.    As a separate affirmative defense to the Complaint and to every cause of action

7  alleged therein, Defendants allege that Plaintiff's claims and the claims of each putative member

8  of the purported class, or some of them, are barred in whole or in part because said claims have

9  been released by the individual(s) in question.

10  ## NINETEENTH AFFIRMATIVE DEFENSE

11  ### (Laches)

12  19.    As a separate affirmative defense to the Complaint and to every cause of action

13  alleged therein, Defendants allege that Plaintiff's claims and the claims of each putative member

14  of the purported class are barred in whole or in part by the doctrine of laches.

15  ## TWENTIETH AFFIRMATIVE DEFENSE

16  ### (Unclean Hands)

17  20.    As a separate affirmative defense to the Complaint and to every cause of action

18  alleged therein, Defendants allege that Plaintiff's claims and the claims of each putative member

19  of the purported class, or some of them, are barred in whole or in part by their unclean hands

20  and/or inequitable or wrongful conduct.

21  ## TWENTY-FIRST AFFIRMATIVE DEFENSE

22  ### (Excessive Fines)

23  21.    As a separate affirmative defense to the Complaint and to every cause of action

24  alleged therein, to the extent the claims of the Plaintiff and the class she purports to represent seek

25  to recover civil penalties that are disproportionate to the actual harm suffered, if any, including

26  but not limited to civil penalties under Labor Code Section 226(e), an award of civil penalties

27  under the circumstances of this case would constitute an excessive fine and otherwise would be in

28  violation of Defendants' due process and other rights under the United States and California

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22176179.1                                   6                                 Case No. CIVVS 1007630

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

EXHIBIT B, Page 56

1   Constitutions.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Due Process – Unfair Business Practices)

22.    As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendants allege that prosecution of a representative action and certification of the alleged class as representative of the general public under Business and Professions Code section 17200, based upon the facts and circumstances of this case, would constitute a denial of its due process rights in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing – Unfair Business Practices)

23.    As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendants allege that the named Plaintiff lacks standing to bring claims brought pursuant to California Business and Professions Code Section 17200 against Defendants.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

24.    As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendants allege that Plaintiff's cause of action and that of the purported class brought pursuant to California Business and Professions Code Section 17200 are barred in light of the fact that Plaintiff and members of the purported class have an adequate remedy at law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Willful Violation)

25.    As a separate affirmative defense to the Complaint, Defendants contend that if Defendants are found to have failed to pay any amount due to Plaintiff or any putative member of the purported class, which Defendants deny, Defendants acted at all times on the basis of a good faith and reasonable belief that they had complied fully with their obligation to pay Plaintiff or any putative member of the purported class all wages due.  Consequently, Defendants' conduct was not willful within the meaning of Section 203 of the California Labor Code.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

2

#### (Waiting Time Penalties)

3     26.     As a separate affirmative defense to the Complaint, Defendants allege that the

4   Complaint fails to state a claim for waiting time penalties under Labor Code Section 203, in that

5   some of the members of the purported class did not resign or were not discharged prior to the

6   filing of this action.

7

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

8

#### (Unjust, Arbitrary, and Oppressive, or Confiscatory Penalties)

9     27.     As a separate affirmative defense to the Complaint and to every cause of action

10   alleged therein, Plaintiff (on her own behalf and/or on behalf of any of putative members of the

11   class she purports to represent) is not entitled to recover any civil penalties because, under the

12   circumstances of this case, such recovery would be unjust, arbitrary, and oppressive, or

13   confiscatory, within the meaning of California Labor Code section 2699, as amended by Senate

14   Bill 1809.

15

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

16

#### (Avoidable Consequences)

17     28.     As a separate affirmative defense to the Complaint and to every cause of action

18   alleged therein, the claims of Plaintiff and certain members of the purported class are barred in

19   whole or in part by the doctrine of avoidable consequences.

20

### TWENTY-NINTH AFFIRMATIVE DEFENSE

21

#### (Mitigation)

22     29.     As a separate affirmative defense to the Complaint and to every cause of action

23   alleged therein, Defendants allege that Plaintiff's monetary claims and the claims of the putative

24   members of the purported class are barred in whole or in part because they have not appropriately

25   nor adequately mitigated their alleged damages.

26

### THIRTIETH AFFIRMATIVE DEFENSE

27

#### (Setoff and Recoupment)

28     30.     As a separate affirmative defense to the Complaint and to every cause of action

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22176179.1                                    8                          Case No. CIVVS 1007630

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

EXHIBIT B, Page 58

1    alleged therein, Defendants allege that if any damages have been sustained by Plaintiff or by any

2    putative members of the purported class, although such is not admitted and is specifically denied,

3    Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all

4    obligations of the Plaintiff and/or putative class members owed to Defendants, against any

5    judgment that may be entered against Defendants.

6    ## THIRTY-FIRST AFFIRMATIVE DEFENSE

7    ### (Failure to Exhaust Pre-Suit Administrative Requirements)

8    31.    As a separate affirmative defense to the Complaint and to every cause of action

9    alleged therein, Defendants allege that Plaintiff has failed to give timely and sufficient notice of

10   the alleged statutory violations as required by the California Labor Code.

11   ## THIRTY-SECOND AFFIRMATIVE DEFENSE

12   ### (Not the Employer)

13   31.    The claims set forth in the Complaint are barred to the extent that Defendants, or

14   each of them, are not, and have not been, the employer of Plaintiff or any putative member of the

15   purported class defined in the Complaint.

16   ## THIRTY-THIRD AFFIRMATIVE DEFENSE

17   ### (Irreparable Harm)

18   31.    Plaintiff's claims for injunctive, declaratory, or other equitable relief, and the

19   claims of the putative class members of the purported class as defined in the Complaint, are

20   barred in light of the fact that Plaintiff and the putative class members have not suffered and will

21   not suffer irreparable harm due to any alleged conduct of Defendants.

22   ## RESERVATION OF RIGHTS

23   Defendants reserve the right to assert such additional affirmative defenses that may appear

24   and prove applicable during the course of this litigation.

25   ## PRAYER FOR RELIEF

26   Defendants pray that the Court grant the following relief:

27   1.    That Plaintiff takes nothing by the Complaint;

28   2.    That judgment be entered against Plaintiff and in favor of Defendants;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22176179.1                          9                          Case No. CIVVS 1007630

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1    3.    That Defendants be awarded attorneys' fees incurred by this action pursuant to

2    California Labor Code section 218.5;

3    4.    That Defendants be awarded costs of suit herein; and

4    5.    For such other and further relief as the Court deems just and proper.

5    Dated: February 15, 2011                    MORGAN, LEWIS & BOCKIUS LLP

6

7                                          By _____

8                                              Rebecca Eisen
                                               Theresa Mak
9                                              Attorneys for Defendants
                                               PetSmart, Inc. and erroneously sued
10                                             PetSmart Store Support Group, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
 BOCKIUS LLP
ATTORNEYS AT LAW
 SAN FRANCISCO

DB2/22176179.1                          10                    Case No. CIVVS 1007630

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

EXHIBIT B, Page 60

# PROOF OF SERVICE BY MAIL

*Pedroza v. Petsmart, Inc.*
San Bernardino County Superior Court, Case No. CIVVS 1007630

I am a citizen of the United States and employed in San Francisco County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is One Market, Spear Street Tower, San Francisco, California  94105-1126.  I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.

On February 15, 2011, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

> DEFENDANTS PETSMART, INC. AND ERRONEOUSLY
> SUED PETSMART STORE SUPPORT GROUP, INC.'S
> ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

in a sealed envelope, postage fully paid, addressed as follows:

Matthew J. Matern
Rastegar & Matern
1010 Crenshaw Blvd., Suite 100
Torrance, CA  90501

Tel:  (310) 218-5500
Fax:  (310) 218-1155

Attorney for Plaintiff Jeannette Pedroza

Steven Rubin
The Rubin Law Corporation
A Professional Law Corporation
433 N. Camden Drive, Suite 725
Beverly Hills, CA  90210

Tel:  (310) 385-0777
Fax:  (310) 288-0207

Attorney for Plaintiff Jeannette Pedroza

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

Executed on February 15, 2011, at San Francisco, California.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

_____
Adele Doyle

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DB2/22216492.1

PROOF OF SERVICE BY MAIL

EXHIBIT B, Page 61

# EXHIBIT C

1  REBECCA EISEN, State Bar No. 96129
2  THERESA MAK, State Bar No. 211435
   MORGAN, LEWIS & BOCKIUS LLP
3  One Market, Spear Street Tower
   San Francisco, CA 94105-1126
4  Tel:  415.442.1000
   Fax:  415.442.1001
5  reisen@morganlewis.com
   tmak@morganlewis.com
6
7  Attorneys for Defendants
   PETSMART, INC. and
8  erroneously named PETSMART STORE
   SUPPORT GROUP, INC.
9

10              UNITED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

12
   JEANETTE PEDROZA,                  Case No.
13 individually, and on behalf of all
   other similarly situated current and  **DECLARATION OF DEAN**
14 former employees of Petsmart, Inc.   **REYNOLDS IN SUPPORT**
   and Petsmart Store Support Group,   **DEFENDANTS' NOTICE OF**
15 Inc.,                               **REMOVAL OF ACTION TO THE**
                                       **UNITED STATES DISTRICT COURT**
16             Plaintiffs,             **FOR THE CENTRAL DISTRICT OF**
                                       **CALIFORNIA**
17        vs.

18 PETSMART, INC., a Delaware
   corporation; PETSMART STORE
19 SUPPORT GROUP, INC., a
   Delaware corporation; and DOES 1
20 through 100, inclusive,

21             Defendants.

22
       I, Dean Reynolds, hereby declare as follows:
23
       1.     I am the Vice President of Tax for Defendant PetSmart, Inc.  The facts
24
   stated herein are known to me based on my personal knowledge and on the business
25
   records of PetSmart and PetSmart Store Support Group, Inc.  If called to testify, I
26
   could and would competently testify to the following.
27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22207965.1                    1        DECL. OF DEAN REYNOLDS ISO DEFS'
                                           NTC OF REMOVAL – Case No.

                                           EXHIBIT C, Page 63

1   2. PetSmart, Inc. is now and prior to and after the commencement of this

2 action on November 29, 2010, has been a corporation organized and existing under

3 and by virtue of the laws of Delaware.

4   3. Currently and prior to and since the commencement of this action,

5 Defendant has had its corporate headquarters and principal place of business in

6 Arizona.  The majority of PetSmart, Inc.'s executive functions take place in

7 Arizona.  The greater part of PetSmart, Inc.'s administrative functions (including

8 payroll, accounting, marketing, and information systems) are in Arizona.  PetSmart,

9 Inc.'s officers direct, control, and coordinate the corporation's activities in Arizona.

10   4. PetSmart, Inc. is not and, since the commencement of this action, has

11 not been, incorporated in California and has not had its headquarters, executive

12 offices, or offices based in California.

13   5. PetSmart Store Support Group is, and was at the time of the filing of

14 this civil action, a wholly owned subsidiary of PetSmart, Inc. and a corporation

15 organized and existing under and by virtue of the laws of the State of Delaware.

16   6. PetSmart Store Support Group's corporate headquarters and principal

17 place of business is also located in the State of Arizona.  The majority of PetSmart

18 Store Support Group's executive and the greater part of PetSmart Store Support

19 Group's administrative functions (including payroll, accounting, marketing, and

20 information systems) take place in Arizona.  PetSmart Store Support Group's

21 officers direct, control, and coordinate the corporation's activities in Arizona.

22   7. PetSmart Store Support Group is not and, since the commencement of

23 this action, has not been, incorporated in California and has not had its

24 headquarters, executive offices, or offices based in California.

25   8. PetSmart Store Support Group, Inc. is not the entity that employed

26 Plaintiff nor has it employed any salaried managers in California.  Rather, the

27 employing entity is, and has been during the relevant period, PetSmart, Inc.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22207965.1       2    DECL. OF DEAN REYNOLDS ISO DEFS'
NTC OF REMOVAL – Case No.

EXHIBIT C, Page 64

1       I declare under penalty of perjury under the laws of the United States that the

2   foregoing is true and correct.

3       Executed this 14th day of February 2011 at Phoenix, Arizona,

Dean Reynolds

3   DECL. OF DEAN REYNOLDS ISO DEFS'
NTC OF REMOVAL – Case No.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# EXHIBIT D

1  REBECCA EISEN, State Bar No. 96129
2  THERESA MAK, State Bar No. 211435
   MORGAN, LEWIS & BOCKIUS LLP
3  One Market, Spear Street Tower
   San Francisco, CA 94105-1126
4  Tel:  415.442.1000
   Fax:  415.442.1001
5  reisen@morganlewis.com
   tmak@morganlewis.com
6
7  Attorneys for Defendants
   PETSMART, INC. and
8  erroneously named PETSMART STORE
   SUPPORT GROUP, INC.
9

10              UNITED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

12
   JEANETTE PEDROZA,                    Case No.
13 individually, and on behalf of all
   other similarly situated current and **DECLARATION OF TAMMY**
14 former employees of Petsmart, Inc.   **GLENVILLE IN SUPPORT OF**
   and Petsmart Store Support Group,    **DEFENDANTS' NOTICE OF**
15 Inc.,                                **REMOVAL OF ACTION TO THE**
                                        **UNITED STATES DISTRICT COURT**
16            Plaintiffs,               **FOR THE CENTRAL DISTRICT OF**
                                        **CALIFORNIA**
17       vs.

18 PETSMART, INC., a Delaware
   corporation; PETSMART STORE
19 SUPPORT GROUP, INC., a
   Delaware corporation; and DOES 1
20 through 100, inclusive,

21            Defendants.

22       I, Tammy Glenville, hereby declare as follows:

23       1.      I am the Payroll Manager for Defendant PetSmart, Inc. ("PetSmart").

24 The facts stated herein are known to me based on my personal knowledge and my

25 review of PetSmart's business records.  In preparing this declaration, I reviewed the

26 payroll data for PetSmart's exempt managers in California.  If called to testify, I

27 could and would competently testify to the following.

28
MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
  SAN FRANCISCO
   DB2/22207980.1                    1         DECL. OF TAMMY GLENVILLE ISO DEFS'
                                               NTC OF REMOVAL – Case No.

2.      During the period from November 29, 2006 through February 1, 2011, PetSmart has employed approximately 550 individuals as exempt salaried managers in its California store locations.  Each of the putative class members at issue was or is a full-time employee.  The putative class members who are/were employed by PetSmart from November 29, 2006 through the present worked approximately 67,562 weeks in total.  The average salary of the putative class members during the period from November 29, 2006 through February 1, 2011 is approximately $55,707.  Because all putative class members were or are full-time employees, the average regular rate of pay for the putative class members is approximately $26.78/hr ($55,707 salary / 2080 hours).

3.      During the period from November 29, 2007 through February 1, 2011, PetSmart employed approximately 473 putative class members at the average salary of $55,980.  The regular rate of pay for these putative class members is therefore approximately $26.91 ($55,980 / 2080).  During this period, approximately 176 of these salaried manager employees terminated their employment with PetSmart.

4.      During the period from November 29, 2009 through February 1, 2011, PetSmart has employed approximately 349 putative class members who worked a total of approximately 22,797 work weeks, at the average salary of $56,661.  Putative class members have been paid every two weeks.  Therefore, approximately 11,399 paychecks were issued to putative class members during the period from November 29, 2009 through February 1, 2011.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 15 day of February 2011 at Phoenix, Arizona,

_Tammy Glenville_

Tammy Glenville

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22207980.1                                  2                    DECL. OF TAMMY GLENVILLE ISO DEFS'
                                                                    NTC OF REMOVAL – Case No.

EXHIBIT D, Page 68

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

## EDCV11- 298 VAP (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [X] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| JEANNETTE PEDROZA, individually, and on behalf of all other similarly situated current and former employees of Petsmart, Inc. and Petsmart Store Support Group, Inc. | PETSMART, INC., a Delaware corporation; PETSMART STORE SUPPORT GROUP, INC., a Delaware corporation; and DOES 1 through 100, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Morgan, Lewis & Bockius LLP  One Market, Spear Street Tower, San Francisco, CA  94105-1126  (415) 442-1000 | Rebecca Eisen, State Bar No. 96129  Theresa Mak, State Bar No. 211435 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff    □ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant    ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

□ 1 Original Proceeding    ☑ 2 Removed from State Court    □ 3 Remanded from Appellate Court    □ 4 Reinstated or Reopened    □ 5 Transferred from another district (specify):    □ 6 Multi-District Litigation    □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  □ No    □ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sections 1332(d), 1441, 1446 and 1453

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 530 General | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 535 Death Penalty | |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | BANKRUPTCY | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 470 Racketeer Influenced and Corrupt Organizations | | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 480 Consumer Credit | □ 151 Medicare Act | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 490 Cable/Sat TV | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| □ 810 Selective Service | | □ 360 Other Personal Injury | □ 441 Voting | □ 610 Agriculture | □ 820 Copyrights |
| □ 850 Securities/Commodities/ Exchange | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 362 Personal Injury-Med Malpractice | □ 442 Employment | □ 620 Other Food & Drug | □ 830 Patent |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 365 Personal Injury-Product Liability | □ 443 Housing/Acco-mmodations | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 890 Other Statutory Actions | □ 190 Other Contract | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | | SOCIAL SECURITY |
| □ 891 Agricultural Act | □ 195 Contract Product Liability | | □ 445 American with Disabilities - Employment | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 892 Economic Stabilization Act | □ 196 Franchise | REAL PROPERTY | □ 446 American with Disabilities - Other | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 893 Environmental Matters | REAL PROPERTY | □ 210 Land Condemnation | | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 894 Energy Allocation Act | □ 210 Land Condemnation | □ 220 Foreclosure | □ 440 Other Civil Rights | □ 660 Occupational Safety/Health | □ 864 SSID Title XVI |
| □ 895 Freedom of Info. Act | □ 220 Foreclosure | □ 230 Rent Lease & Ejectment | IMMIGRATION | □ 690 Other | □ 865 RSI (405(g)) |
| □ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | □ 230 Rent Lease & Ejectment | □ 240 Torts to Land | □ 462 Naturalization Application | | FEDERAL TAX SUITS |
| | □ 240 Torts to Land | □ 245 Tort Product Liability | □ 463 Habeas Corpus-Alien Detainee | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 950 Constitutionality of State Statutes | □ 245 Tort Product Liability | □ 290 All Other Real Property | □ 465 Other Immigration Actions | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 290 All Other Real Property | | | | |

ED CV 11 - 00298 *VAP*

**FOR OFFICE USE ONLY:**    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff Jeannette Pedroza<br>San Bernardino County (as alleged in the Complaint) | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant PetSmart, Inc., Arizona (Principal Place of Business) and Delaware (Incorporated) and Defendant PetSmart Store Support Group, Inc., Arizona (Principal Place of Business) and Delaware (Incorporated) |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County (as alleged in Complaint) | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date February 16, 2011

   **Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |