| | |
|---|---|
| MATTHEW J. MATERN, SBN 159798<br>mjm@rastegar-matern.com<br>JUSTIN F. MARQUEZ, SBN 262417<br>jfm@rastegar-matern.com<br>Rastegar & Matern<br>1010 Crenshaw Boulevard, Suite 100<br>Torrance, California 90501<br>Tel: 310.218.5500<br>Fax: 310.218.1155 | REBECCA EISEN, SBN 96129<br>reisen@morganlewis.com<br>THERESA MAK, SBN 211435<br>tmak@morganlewis.com<br>Morgan, Lewis & Bockius, LLP<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1126<br>Tel: 415.442.1000<br>Fax: 415.442.1001 |
| Attorneys for Plaintiff<br>JEANNETTE PEDROZA | Attorneys for Defendants<br>PETSMART, INC. and<br>erroneously sued PETSMART<br>STORE SUPPORT GROUP, INC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| JEANNETTE PEDROZA, individually, and on behalf of all other similarly situated current and former employees of Petsmart, Inc. and Petsmart Store Support Group, Inc.,<br><br>    Plaintiffs,<br><br>vs.<br><br>PETSMART, INC., a Delaware corporation; PETSMART STORE SUPPORT GROUP, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. EDCV11-298 GHK (DTBx)<br><br>**[~~PROPOSED~~] RULE 26(C) PROTECTIVE ORDER** |

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

1

[PROPOSED] RULE 26(C)
PROTECTIVE ORDER
CASE NO. EDCV11-298 GHK (DTBX)

Pursuant to the Parties' Stipulated Request for Rule 26(c) Protective Order, and the Court finding good cause for granting the requested relief, the Court hereby enters the following Rule 26(c) Protective Order ("Protective Order") in the above-titled case:

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the[Proposed] Protective Order ("Protective Order"). The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10 below, that this Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1   <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   <u>"Confidential" Information or Items</u>:  information (regardless of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

[PROPOSED] RULE 26(C)
PROTECTIVE ORDER
CASE NO. EDCV11-298 GHK (DTBX)

how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed.R.Civ.P. 26(c).

  2.4 <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential" Information or Items whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

  2.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

  2.6 <u>Action or "This Action"</u>: refers to the above-captioned action and to no other action.

  2.7 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in This Action.

  2.8 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

  2.9 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

  2.10 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in This Action.

  2.11 <u>In-House Counsel</u>: attorneys who are employees of a Party.

  2.12 <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as their support staffs).

  2.13 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in This Action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a

Party's. This definition includes a professional jury or trial consultant retained in connection with This Action.

   2.14 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

  3. <u>SCOPE</u>

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

  4. <u>DURATION</u>

The parties agree to abide by this Protective Order which will remain in effect until modified either by written agreement or by order of the Court as provided herein. Even after the termination of This Action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

The provisions of this Protective Order are without prejudice to any application by any party at any time, on notice, for a modification or dissolution of or relief from this Protective Order or any provision thereof.

  5. <u>DESIGNATING PROTECTED MATERIAL</u>

Any Party may in good faith designate as Protected Material, and subject to this Protective Order, any document, information or material that is either (i) produced during discovery proceedings in This Action, or (ii) generated by a party in This Action, including but not limited to, answers to interrogatories and responses to any request for the production of documents, which constitute or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

[PROPOSED] RULE 26(C)
PROTECTIVE ORDER
CASE NO. EDCV11-298 GHK (DTBX)

contain proprietary or sensitive business, personal or personnel information or any extracts or summaries thereof.  Any Party may also move the Court for an order designating as Protected Material, and subject to this Protective Order, any such document, information or material.  The other party/parties shall not unreasonably oppose such motion.

   5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

 Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

 If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

   5.2 <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Protective Order (*see, e.g.*, second paragraph of section 5.3(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Protective Order must be clearly so designated before the material is

disclosed or produced.

    5.3    Designation in conformity with this Protective Order requires:

    (a)    <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g*., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

[PROPOSED] RULE 26(C)
PROTECTIVE ORDER
CASE NO. EDCV11-298 GHK (DTBX)

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty (20) days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the twenty (20) days shall be covered by the provisions of this Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

[PROPOSED] RULE 26(C)
PROTECTIVE ORDER
CASE NO. EDCV11-298 GHK (DTBX)

"Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.4 <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

Acceptance by any party of discovery material designated as Protected Material shall not constitute a concession that any such discovery material is appropriately so designated.

6.1 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by identifying the information in question and specify the reason(s) for the objection. Within ten (10) days of the receipt of this objection, the parties shall meet and confer in accordance with Civil Local Rule 37-1 in an effort to resolve the disagreement. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The parties may only proceed to the next stage of the challenge process only they have engaged in this meet and confer process first.

6.2 <u>Judicial Intervention</u>. If the parties are unable to resolve their dispute, the parties may file a joint stipulation pursuant to Civil Local Rule 37-2

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

[PROPOSED] RULE 26(C)
PROTECTIVE ORDER
CASE NO. EDCV11-298 GHK (DTBX)

within thirty (30) days from the day the challenging Party informed the Designating Party of its objection to a confidentiality designation. Along with the joint stipulation, each party may submit supplemental memorandum under the guidelines sets forth in Civil Local Rule 37-2.3. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation

      6.3     <u>Time of Challenge:</u> The Receiving Party must notify the Designating Party of a challenge to the designation no later than thirty (30) days prior to the discovery cut-off in This Action except where special circumstances (such as a designation first received late in discovery period) justify a later challenge.

      7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

      7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle This Action. The Receiving Party shall not use Protected Material for any other purpose except upon written consent of the Designating Party or order of this Court, unless the Protected Material was obtained by the party using such Protected Material both lawfully and independently of the Designating Party.

Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

      7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

Receiving Party shall hold in confidence information or items marked "Confidential" and shall not reveal, discuss, or disclose in any manner, in any form, to any person or entity other than:

  (a) the Receiving Party's Outside Counsel of record in This Action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

  (b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

  (c) experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and only if they sign the "Acknowledgement and Agreement to Be Bound by Protective Order," attached hereto as Exhibit A;

  (d) the Court and its personnel (including, without limitation, members of the jury);

  (e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and only if they sign the "Acknowledgement and Agreement to be Bound by Protective Order," attached hereto as Exhibit A;

  (f) during their depositions, witnesses in This Action to whom disclosure is reasonably necessary and only if the witnesses sign the "Acknowledgement and Agreement to Be Bound by Protective Order," attached hereto as Exhibit A.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

  (g) the author of the document or the original source of the

information.

7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party shall hold in confidence information or items marked "Highly Confidential – Attorneys' Eyes Only" and shall not reveal, discuss or disclose in any manner, in any form, to any person or entity other than:

(a)   the Receiving Party's Outside Counsel of record in This Action, as well as In-House Counsel to whom it is reasonably necessary to disclose the information for This Action and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order," attached hereto as Exhibit A;

(b)   Experts (as defined in this Protective Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order," attached hereto as Exhibit A, and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(c)   the Court and its personnel (including, without limitation, members of the jury);

(d)   court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order," attached hereto as Exhibit A; and

(e)   the author of the document or the original source of the information.

7.4   Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts"

(a) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Protective Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must first make a written request to the Designating Party that (1) identifies the specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may timely move the Court for permission to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent

declaration in which the movant describes the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in This Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax or email, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material, and nothing

in these provisions should be construed as authorizing or encouraging a Receiving Party in This Action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies (and the original, if it was given out) of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

10. FILING PROTECTED MATERIAL. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in This Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. If any Party disputes a confidential designation of motion papers or exhibits, then that Party must notify the Designating Party of that dispute in writing. If the Parties are unable to resolve their dispute, the Party who designated the motion papers, exhibits or other court filings as Protected Material will move the Court, within a period of time that is reasonable in light of the schedule for proceedings on such motion or other filing, for an order approving the confidential designation and the non-moving party may oppose such motion. If timely made, the designated material shall be deemed confidential material until the issue is resolved by the Court.

11. FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of This Action,

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

14

[PROPOSED] RULE 26(C)
PROTECTIVE ORDER
CASE NO. EDCV11-298 GHK (DTBX)

each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. The Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above. Moreover, any such archival copies that contain or constitute Protected Material shall not be used by Counsel in any way in any other matter, including in any other case, action or proceeding unless otherwise ordered by the Court or agreed to in writing by the Designating Party.

12. MISCELLANEOUS

    12.1 Right to Modify. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

    12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

[PROPOSED] RULE 26(C)
PROTECTIVE ORDER
CASE NO. EDCV11-298 GHK (DTBX)

**IT IS SO ORDERED.**

DATED: October 12, 2011

_____
David T. Bristow
United States Magistrate Judge

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

16

[PROPOSED] RULE 26(C)
PROTECTIVE ORDER
CASE NO. EDCV11-298 GHK (DTBX)

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Confidentiality Protective Order ("Protective Order") that was issued by the United States District Court for the Central District of California on _____ in the case of *Pedroza v. PetSmart, Inc.; PetSmart Store Support Group, Inc., et al.*, Case No. EDCV11-298 GHK (DTBx). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions thereof.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

///
///
///
///
///
///
///
///

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

[PROPOSED] RULE 26(C)
PROTECTIVE ORDER
CASE NO. EDCV11-298 GHK (DTBX)

[Optional]

I hereby appoint _____ of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
             [printed name]

Title: _____

Signature: _____
          [signature]

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

18

[PROPOSED] RULE 26(C)
PROTECTIVE ORDER
CASE NO. EDCV11-298 GHK (DTBX)